HEILMAN v HEILMAN

Docket No. 78-5016. Submitted December 6, 1979, at Detroit.—Decided March 4, 1980. Leave to appeal applied for

Marlene Heilman obtained a judgment of divorce from Edward Heilman, Wayne Circuit Court, Charles S. Farmer, J. During their marriage the Heilmans instituted a products liability action in regard to an injury suffered by Mr. Heilman. That action was still pending at the time of the divorce, and the trial court included in the divorce judgment any recovery to be realized in the products liability action as part of the marital estate and provided that division of any such recovery would be made at the time the recovery is realized. Defendant appeals, alleging that inclusion of the products liability claim in the marital estate was error and that the trial court also erred by ordering defendant to pay child support and by placing a lien for the child support on the potential products liability recovery. *Held:*

1. A right of action is property subject to distribution in a divorce action, and the trial court did not abuse its discretion in ruling that the plaintiff had a possible interest in any future recovery in the products liability action.

2. The trial court did not abuse its discretion by delaying the determination of the amount of recovery each of the parties will be entitled to until such time as recovery is made in the products liability action. Knowledge of the amount of that recovery will be necessary to insure an equitable distribution.

3. The trial court's award of child support and the placing of a lien for that obligation on the tort recovery was not an abuse of discretion. The defendant was serving a prison term at the time of the divorce, and in the event that he recovers nothing

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 24 Am Jur 2d, Divorce and Separation § 925.

    41 Am Jur 2d, Husband and Wife § 105.

[2] 41 Am Jur 2d, Husband and Wife §§ 37, 443 *et seq.*

[3] 24 Am Jur 2d, Divorce and Separation § 933.

    Adequacy or excessiveness of amount of money granted as combined award of alimony and child support. 2 ALR3d 537.

[4] 24 Am Jur 2d, Divorce and Separation § 839.

in the products liability action the support obligation for the period of time that he was in prison, and thus had no earning capacity and no assets, should be cancelled.

Affirmed with modifications.

1. DIVORCE — PROPERTY DIVISION — STATUTES.

A trial court in a divorce action is authorized to divide the parties' personal property between them (MCL 552.19; MSA 25.99).

2. DIVORCE — PROPERTY — RIGHT OF ACTION.

A right of action is as much property as any tangible possession; for purposes of equitable distribution incident to a divorce a spouse's chose in action for personal injuries and the other spouse's *per quod* claim constitute property subject to such distribution.

3. DIVORCE — PROPERTY DIVISION — FAIRNESS TO PARTIES.

A trial court distributing marital property in a divorce case is guided by several equitable factors including the source of the property, contribution toward acquisition of the property, the duration of the marriage, the needs and earning capacities of the parties, and the cause for the divorce; there are no set mathematical rules to be applied, but the amounts awarded to each party must be fair in light of their respective overall financial circumstances.

4. DIVORCE — CHILD SUPPORT — ABILITY TO WORK.

A parent's income does not determine his or her duty to pay child support; a court may take into consideration the parent's ability to work and earn money, and award child support even though the parent owns no property.

*Anthony Lutostanski,* for plaintiff.

*Zeff & Zeff* (by *Marvin L. Berris),* for defendant.

Before: MacKENZIE, P.J., and V. J. BRENNAN and D. F. WALSH, JJ.

D. F. WALSH, J. Defendant, Edward Heilman, appeals the property settlement provisions of the November 8, 1978, judgment of divorce which dissolved the parties' marriage.

During the marriage, defendant suffered the loss of his right eye in a work-related accident. In 1976, along with his wife, plaintiff Marlene Heilman, he instituted a products liability action against the manufacturer of the industrial press involved in the accident. Plaintiff's complaint for divorce was filed in 1977. At the time of the judgment of divorce, the products liability action was still pending in the Wayne County Circuit Court.

With respect to division of property, the judgment of divorce provides:

"IT IS FURTHER ORDERED AND ADJUDGED that any monies realized by and through the case of EDWARD HEILMAN and MARLENE HEILMAN versus NATIONAL MACHINE CORP. and BOYER CAMPBELL and SALES, INC. (Wayne Circuit No. 76 627 677 NP) be and the same are hereby made part of the marital estate in the case at bar.

"IT IS FURTHER ORDERED AND ADJUDGED that the percentage each party is to receive from the recovery on the personal injury action will be determined at a hearing brought at the time of trial on said action.

It is further ordered and adjudged that any monies realized in the above personal injury action shall be placed forthwith in an escrow account.

"IT IS FURTHER ORDERED AND ADJUDGED that Defendant' attorney in the personal injury action shall be allowed to subtract from said monies realized the amounts owing him under his contingent fee contract with the Defendant EDWARD HEILMAN

"IT IS FURTHER ORDERED AND ADJUDGED that Defendant's attorney A. Robert Zeff shall notify Anthony Lutostanski, attorney at law, of when the above personal injury action comes to trial or is settled."

On appeal, defendant challenges the trial court's ruling that the personal injury claim was a part of the marital estate. In his excellent opinion, the

trial judge set forth the basis for his ruling. We are in full agreement with the judge's conclusion.

It is not disputed that the trial court in a divorce proceeding is authorized to divide the parties' personal property between them. MCL 552.19; MSA 25.99, *Engemann v Engemann,* 53 Mich App 588, 594; 219 NW2d 777 (1974). It is also clear that a right of action is "as much property as any tangible possession". *Dunlap v Toledo, Ann Arbor & Grand Trunk R Co,* 50 Mich 470, 474; 15 NW 555 (1883). We concur in the trial court's determination that the following principle set forth in *DiTolvo v DiTolvo,* 131 NJ Super 72, 79; 328 A2d 625, 629 (1974), is valid and applicable in Michigan:

"We * * * hold that for purposes of equitable distribution incident to a divorce, a spouse's chose in action for personal injuries and the other spouse's *per quod* claim constitute property subject to such distribution."

Defendant argues that, if the trial court did not err in ruling that the chose in action was part of the marital estate, then the court nevertheless abused its discretion in two related respects. First, defendant suggests that the court abused its discretion in determining that plaintiff would perhaps be entitled to a portion of the ultimate recovery in defendant's personal injury action. Defendant's injuries, however, affected his earning capacity during the marriage and, therefore, possibly reduced the amount of assets that may have become a part of the marital estate if the injury had not occurred. The court, therefore, did not abuse its discretion in ruling that plaintiff had some possible interest in defendant's future recovery in the personal injury action.

Second, defendant alleges abuse of discretion in

the trial court's delay in determining the exact percentage of the personal injury recovery, if any, to which each party will be entitled.

In distributing marital property, the trial court is guided by several equitable factors. These include the source of the property, contribution toward acquisition of the property, the duration of the marriage, the needs and earning capacities of the parties, and the cause for the divorce. *Johnson v Johnson,* 346 Mich 418, 431; 78 NW2d 216 (1956). While there are no set mathematical rules to be applied, the amounts awarded to each party must be fair in light of their respective overall financial circumstances. *McDermott v McDermott,* 84 Mich App 39; 269 NW2d 299 (1978).

In our view, a truly equitable distribution of property in this case would be impossible without knowledge of the amount of the personal injury recovery. With the exception of the parties' personal items such as clothing, the personal injury claim is the sole marital asset. In order for the trial court to apply most fairly the equitable factors delineated *supra,* exact dollar amounts must be known. If the court is to make a distribution based at least in part on relative need, for example, mere designation of a percentage of an unknown amount is meaningless. The trial court, therefore, acted responsibly and reasonably in this regard.[1]

The final issue raised on appeal concerns that portion of the judgment of divorce which sets forth defendant's obligation to pay child support. The court ordered defendant to make weekly support payments and placed a lien for child support on

---

[1] As noted by the trial judge, "the injury to, or disability of the husband would become one of the factors in determining the needs of the two parties when the marital estate is divided".

the contingent products liability recovery. At the time of the divorce defendant was serving a prison term in Jackson Prison.

Defendant argues that the trial court erred in awarding child support payments to plaintiff in view of his imprisonment and lack of funds.

It is clear that a parent's income does not determine his or her duty to pay child support. The court may take into consideration the parent's ability to work and earn money, and award child support even though the parent owns no property. *Travis v Travis,* 19 Mich App 128, 130; 172 NW2d 491 (1969).

We find no abuse of discretion in the trial court's ordering defendant to pay child support and in placing a lien for that obligation on the tort recovery. In our view, however, defendant's child support obligation for the period of time when he had no earning capacity and no assets (*i.e.,* the time he spent in prison), should be cancelled in the event he recovers nothing in the products liability action. With this modification, the award of child support payments is affirmed.

The provisions of the judgment of divorce are affirmed as modified.