200 N.J. Super. 56 (1985)
490 A.2d 342
GRACE LANDWEHR, PLAINTIFF-APPELLANT,
v.
RAYMOND W. LANDWEHR, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Submitted March 5, 1985.
Decided March 25, 1985.
*57 Before Judges ANTELL, J.H. COLEMAN and SIMPSON.
Elwell & Crane, attorneys for appellant (Paula L. Crane on the brief).
Ferro & Ferro, attorneys for respondent (Ralph A. Ferro on the brief).
The opinion of the court was delivered by ANTELL, P.J.A.D.
The parties have stipulated to the following statement of facts upon which the judgment under review is based:
"1. The parties were married on December 5, 1959.
2. The defendant-husband was involved in an automobile accident on July 31, 1978.
3. As a result of the accident defendant sustained personal injuries consisting of a broken cheekbone, broken leg and various cuts and abrasions.
4. The husband was in the hospital for eight days.
5. The husband was out of work from August 1, 1978 through November 1, 1978.
6. During this period the wife visited the husband in the hospital, took care of the three children and the household and worked.
7. The wife brought an attorney to the hospital to meet with her husband and herself.
8. This lawyer was retained and pursued a settlement with the insurance carrier.
9. During the period of time that the husband was injured, he received disability payments of $138.00 per week. Had he been working he would *58 have netted a sum of $200.00 per week. For two weeks of his injury he received his regular pay.
10. The wife communicated with the lawyer regarding the filing of a per quod claim and was told by the lawyer not to worry about that, that the lawyer would take care of things.
11. The medical insurance paid for all medical and hospital bills incurred as a result of the injury.
12. While the husband was recovering at home, the wife continued to work and take care of the children, her husband and the household.
13. The lawyer settled the case with the insurance carrier prior to filing any pleadings.
14. The husband received a check for $26,000.00 net in May, 1980.
15. The parties separated in June, 1981.
16. The Complaint for Divorce was filed on November 29, 1981." [Pb3-Pb4]
The question presented on this appeal is whether, on the foregoing facts, the trial judge correctly excluded from the marital estate the money received by defendant husband in settlement of his personal injury accident claim. In reaching his determination the Chancery Division judge relied upon Amato v. Amato, 180 N.J. Super. 210 (App.Div. 1981).
DiTolvo v. DiTolvo, 131 N.J. Super. 72, 78 (App.Div. 1974), held that a cause of action for personal injuries and consequential damages which accrued during the course of a marriage was personal property subject to equitable distribution upon dissolution of the marriage. In Harmon v. Harmon, 161 N.J. Super. 206 (App.Div. 1978), the same decision was made as to settlement monies received during the marriage by a wife following an automobile accident. In reaching this result, we noted that DiTolvo, supra, had been "cited with approval in Kruger v. Kruger, 73 N.J. 464 (1977)." Kruger held that federal military pension benefits constitute property legally and beneficially acquired by husband and wife during the marriage and are therefore subject to equitable distribution. The Court also dealt with the status of certain monthly disability payments being received by the husband and observed that there did not appear any reason "to justify a difference between receipt of these payments from a lump sum award, including damages for permanent injury, arising out of a negligence *59 action, DiTolvo v. DiTolvo, 131 N.J. Super. 72 (App.Div. 1974), which is properly classifiable as property subject to equitable distribution." Id. 73 N.J. at 472 (emphasis ours).
We are satisfied that the quoted excerpt from the foregoing Supreme Court opinion sufficiently expresses the Court's intent that such money be included within the distributable marital estate upon divorce. This view is reinforced by earlier language in the same paragraph that there was no reason why the disability benefits should be treated differently from the pension. In our view, exclusion from distribution of a money recovery for personal injury cannot be rationally justified in the face of a Supreme Court opinion which mandates the inclusion of disability benefits.
We respectfully decline to follow the reasoning of Amato v. Amato, supra. The holding of that opinion is limited to the distributability of the wife's "inchoate right to sue for medical malpractice." Id., 180 N.J. at 212. To the extent that its rationale purports to encompass monies actually received during coverture in settlement of personal injury claims it is dictum only, and we abstain from its teaching in deference to that mandated by our highest court.
Reversed.