EDWARD B. HANIFY *vs*. MARTHA M. HANIFY.

Berkshire. February 4, 1988. — August 9, 1988.

Present: HENNESSEY, C.J., WILKINS, LIACOS, ABRAMS, NOLAN, & LYNCH, JJ.

*Divorce and Separation*, Division of property, Interest in pending law-suit, Child support.

In a divorce proceeding, the judge properly considered a party's interest in a pending lawsuit as part of the marital estate subject to division under G. L. c. 208, § 34, and, where the valuation of that interest was uncertain, the judge properly entered an order directing that future recovery, if and when received, be divided according to a fixed formula. [186-190] LIACOS, J., dissenting, with whom LYNCH, J., joined.

In a divorce proceeding, an assignment of the parties' automobile pursuant to G. L. c. 208, § 34, to the husband in return for his payment to the wife of its value ($2,500), plus annual interest of ten per cent, was supported by the evidence and the judge's findings of fact. [190-191]

This court set aside the order for child support in a divorce proceeding and remanded the case to permit the judge to explain the reasons for his decision. [191]

COMPLAINTS for divorce filed in the Berkshire Division of the Probate and Family Court Department on July 6, 1984, and July 16, 1984, respectively.

The cases were heard by *Rudolph A. Sacco*, J.

The Supreme Judicial Court on its own initiative transferred the case from the Appeals Court.

*Daniel A. Ford* for Edward B. Hanify.

*Andrew T. Campoli* for Martha M. Hanify.

ABRAMS, J. Edward B. Hanify (husband) has appealed from several aspects of a judgment of divorce. He claims error in (1) the award to Martha M. Hanify (wife) of an interest in the proceeds of two pending lawsuits which he had instituted; (2) the distribution of the couple's automobile; and (3) the child

support order.[1] We transferred the case to this court on our own motion.

The judge found as follows. The parties were married on May 31, 1980, having lived together for two years. Two children were born of the marriage, both of whom live with the wife. The parties separated in July, 1984. Judgment was granted on the wife's divorce on April 7, 1986.

The husband had an uneven employment history during the course of the marriage. In the fall of 1979, the husband began working as chief executive officer at Martha's Vineyard Hospital. In September, 1980, his employment contract was not renewed. The husband instituted two lawsuits, which are still pending, against the hospital and several individuals associated with it. The complaints allege, inter alia, breach of an employment contract, malicious interference with the contract, and defamation. The judge's inclusion of these complaints in the division of the marital estate forms the major basis for the present appeal.

Until September, 1980, the couple was financially comfortable and enjoyed a fairly high standard of living. The loss of the husband's job severely changed the financial picture. After that event, the husband held a variety of positions, interspersed with periods of unemployment. None of his subsequent jobs provided financial remuneration equal to that of the hospital employment; the parties now have a lower middle income status. Currently, the husband is a major stockholder and vice president of Berkshire Resort Properties, Inc., which owns a motel, of which the husband is the manager. The husband earns $15,600 annually, with no other source of income.

The wife worked during periods of the husband's unemployment and also supported the family as a homemaker. She currently earns $7,500 annually as a part-time licensed practical nurse.

---

[1] The husband seems also to challenge the judge's dismissal of his complaint for divorce. There is nothing in the record to indicate that the judge erred in ruling that the husband's complaint was dismissed by agreement of the parties. Nor does the husband tell us what significance there might be to this alleged error. In any event, the issue is not briefed adequately. We do not consider it. See Mass. R. A. P. 16 (a) (4), as amended, 367 Mass. 919 (1975).

1. *Interest in pending lawsuits.* As part of the division of property under G. L. c. 208, § 34,[2] the judge assigned to the wife "from the net settlement or judgment of the 'Martha's Vineyard Lawsuit(s)' which were brought by the Husband and are now pending, . . . one-half thereof, or the sum of $70,000, whichever amount is lesser, within ten days after receipt of the same by the Husband."[3] The husband claims error in this award on the ground, inter alia, that the pending lawsuits do not constitute part of the marital estate under G. L. c. 208, § 34. We disagree.

[2] General Laws c. 208, § 34 (1986 ed.), provides: "Upon divorce or upon a complaint in an action brought at any time after a divorce, whether such a divorce has been adjudged in this commonwealth or another jurisdiction, the court of the commonwealth, provided there is personal jurisdiction over both parties, may make a judgment for either of the parties to pay alimony to the other. In addition to or in lieu of a judgment to pay alimony, the court may assign to either husband or wife all or any part of the estate of the other. In determining the amount of alimony, if any, to be paid, or in fixing the nature and value of the property, if any, to be so assigned, the court, after hearing the witnesses, if any, of each party, shall consider the length of the marriage, the conduct of the parties during the marriage, the age, health, station, occupation, amount and sources of income, vocational skills, employability, estate, liabilities and needs of each of the parties and the opportunity of each for future acquisition of capital assets and income. The court may also consider the contribution of each of the parties in the acquisition, preservation or appreciation in value of their respective estates and the contribution of each of the parties as a homemaker to the family unit. When the court makes an order for alimony on behalf of a spouse, and such spouse is not covered by a private group health insurance plan, said court shall determine whether the obligor under such order has health insurance on a group plan available to him through an employer or organization that may be extended to cover the spouse for whom support is ordered. When said court has determined that the obligor has such insurance, said court shall include in the support order a requirement that the obligor exercise the option of additional coverage in favor of such spouse."

[3] The judge supported this assignment with the following findings: "The consequences of the Husband's being terminated from his employment affected the Wife as well. It changed their lifestyle dramatically and completely, and they both suffered from it. The Husband's inability to re-establish himself in a well-paying and permanent position led to disagreements between the parties, largely due to their financial problems, and eventually led to their separation. The parties were not able to accumulate much in marital assets during their marriage. The only items having any value are the suits the Husband now has pending which stem from the termination of his employment with the Martha's Vineyard Hospital. While the outcome

Massachusetts law vests in a judge broad powers of discretion regarding the division of marital estates. Under § 34, a judge "may assign to one party in a divorce proceeding all or part of the separate nonmarital property of the other in addition to or in lieu of alimony." *Rice* v. *Rice*, 372 Mass. 398, 401 (1977). By definition, a party's estate "includes all property to which he holds title, however acquired." *Id.* at 400.

An unliquidated claim for money damages constitutes a chose in action. "[C]hoses in action are property . . . and fall within the divorce court's broad power to divide marital property. . . . '[A]ll personal property, tangible and intangible, in which a spouse acquires an interest is includable [as property to be divided by the court]. Choses in action, rights and other interests, the benefits of which may be receivable now and in the future are classifiable as intangible personal property.'" (Citations omitted.) *Moulton* v. *Moulton*, 485 A.2d 976, 978 (Me. 1984), quoting *Kruger* v. *Kruger*, 73 N.J. 464, 468 (1977). Thus, many jurisdictions hold that pending lawsuits constitute marital property subject to division on divorce. *Bunt* v. *Bunt*, 294 Ark. 507 (1988). *In re Marriage of Dettore*, 86 Ill. App. 3d 540 (1980). *Moulton* v. *Moulton, supra. Heilman* v. *Heilman*, 95 Mich. App. 728, 731 (1980) ("a spouse's chose in action for personal injuries and the other spouse's per quod claim constitute property subject to such distribution"), quoting *DiTolvo* v. *DiTolvo*, 131 N.J. Super. 72, 79 (1974). *Richardson* v. *Richardson*, 139 Wis. 2d 778 (1987).[4] We agree with this view.

---

of these suits is uncertain, the Wife does have an interest if there is any recovery by the Husband" (emphasis added).

[4] A minority of States have concluded, for different reasons, that their equitable distribution statutes do not include pending lawsuits. See *Unkle* v. *Unkle*, 305 Md. 587 (1986) (legislative intent to exclude from marital property recoveries in tort suits, regardless when recovery is received); *Murphy* v. *Murphy*, 501 N.E.2d 235 (Ind. Ct. App. 1987) (although chose in action is property, Indiana statute requires "a fixed, presently ascertainable value" for assets to be subject to division); *Fries* v. *Fries*, 288 N.W.2d 77, 81 (N.D. 1980) (pending lawsuit too speculative to be considered marital property).

The husband's reliance on precedents regarding expectancies is misplaced. Expectancies, unlike choses in action, embody no enforceable rights accruing during marriage. See *Drapek v. Drapek*, 399 Mass. 240, 244 (1987) (future earning potential created by a professional degree); *Yannas* v. *Frondistou-Yannas*, 395 Mass. 704, 714 (1985) (future earning potential created by a patent); *Davidson* v. *Davidson*, 19 Mass. App. Ct. 364, 374 (1985) (anticipated inheritance under a will where testator still living and could change terms of will).

A pending legal claim is distinguishable from an expectancy. The husband in this case has an enforceable, ripened, and pending claim for money damages. The damages include claims for income and assets lost during the marriage. The loss affected both spouses. Recovery of this loss should be considered an asset under § 34, because such recovery replaces monies that would have benefited both spouses had the alleged legal wrong not occurred. The fact that the pending lawsuits are of uncertain value does not require their exclusion from the marital estate. In *Dewan* v. *Dewan*, 399 Mass. 754, 755-757 (1987), we recognized that uncertain future benefits from a spouse's pension plan may be divided as marital property on an "if and when received" basis. Although a present division of all assets ordinarily is preferable, see *id.* at 757, where present valuation of a pension or chose in action is uncertain or impractical, the better practice is to order that any future recovery or payment be divided, if and when received, according to a formula fixed in the property assignment. See, e.g., *Davidson* v. *Davidson*, *supra* at 372 n.11, and authorities cited; *Moulton* v. *Moulton*, *supra* (chose in action); *In re Marriage of Brown*, 15 Cal. 3d 838 (1976) (unvested pension); 2 Valuation and Distribution of Marital Property §§ 23.02[4][c], 27.01[1][c] n.44 (J.P. McCahey ed. 1987); Comment, Pensions as Marital Property: Valuation, Allocation and Related Mysteries, 16 Creighton L. Rev. 743, 765-767 (1983); Note, Pension Rights as Marital Property: A Flexible Approach, 48 Mo. L. Rev. 245, 253-255 (1983). That is precisely what the Probate Court judge did.[5]

---

[5] The judge's conclusion also was consistent with our recent decision in *Heacock* v. *Heacock,* 402 Mass. 21, 25 n.3 (1988), in which we said that

Where valuation is uncertain an "if and when received" order division of a pending chose in action achieves a final and equitable property division under § 34. The judge enters a final order dividing all the present assets and directs that the future recovery, if and when received, be divided according to a fixed formula. Such an order does not require the judge to retain jurisdiction over the settlement or leave it "open" pending resolution of the lawsuits. Nor does it prolong an unwanted relationship between the divorced spouses. The nonlitigating spouse need only keep the forum court and the litigating spouse's attorney advised of a current address.[6] Judicial supervision of alimony and support payments creates far more onerous burdens on the Probate Court and the parties than does an order to divide future pension or damage payments.

With respect to fairness, the argument in favor of an "if and when received" division of an unliquidated chose in action is even stronger. Because the judge does not have to assign a present value to the pending lawsuits, there is no danger, as the dissent suggests, "of conducting, in effect, a trial on the merits of the pending lawsuits." *Post* at 193. On the contrary, an "if and when received" division "gives effect to the basic fairness of granting the wife one half of what [should have been] earned during the marriage, without burdening the husband in case he never receives [a recovery on his chose in action]." *Moulton* v. *Moulton, supra* at 979. This method of division is inherently equitable; it allows the parties to share equally the risk that the litigating spouse may lose the case, or recover an amount significantly different from that anticipated. *Id.* See *In re Marriage of Brown, supra* at 848.

A majority of jurisdictions that have considered the issue of legal damages recovered *during* marriage hold such recoveries,

---

the parties to a divorce must list pending tort claims, "although of unascertainable market value, in financial statements filed with the Probate Court."

[6] The fact that the nonlitigating spouse gains an interest in a fixed percentage of the recovery, if and when received, does not grant that spouse any control over the action or its settlement. "Such control would inject unnecessary complexities in the management of a cause of action that is primarily that of the [litigating] spouse." *DiTolvo* v. *DiTolvo*, 131 N.J. Super. 72, 79 (1974).

at least to the extent of recovery for income lost and expenses added during marriage, constitute marital property.[7] The fact that a lawsuit is still pending at the time of divorce does not alter this result. A contrary decision would merely "place the claimant in the position of manipulating the claim so as to 'liquidate' it after divorce and thus have the power to determine whether it is included in marital property." *Bunt* v. *Bunt, supra* at 511. In our view, "if the claim for a compensation award accrues during the marriage, the award is marital property regardless of when received." *In re Marriage of Dettore, supra* at 542. We therefore affirm the judgment awarding the wife an interest in the pending lawsuit.

2. *Assignment of automobile.* The husband challenges the assignment of the couple's automobile to him in return for payment to the wife of its value ($2,500), plus annual interest of ten per cent. In return, the wife would assume responsibility for any indebtedness due to her father on a loan for that amount given to purchase the automobile.

A Probate Court judge has broad discretion to make an equitable division of property, incident to a divorce proceeding. *Loud* v. *Loud*, 386 Mass. 473, 474 (1982). In reviewing a

---

[7] See, e.g., *Bunt* v. *Bunt*, 294 Ark. 507 (1988); *In re Marriage of Dettore*, 86 Ill. App. 3d 540 (1980); *In re Marriage of McNerney*, 417 N.W.2d 205 (Iowa 1987). *Weakley* v. *Weakley*, 731 S.W.2d 243 (Ky. 1987); *Moulton* v. *Moulton*, 485 A.2d 976 (Me. 1984); *Heilman* v. *Heilman*, 95 Mich. App. 728 (1980); *Van de Loo* v. *Van de Loo*, 346 N.W.2d 173 (Minn. Ct. App. 1984); *Landwehr* v. *Landwehr*, 200 N.J. Super. 56 (1985); *Brown* v. *Brown*, 100 Wash. 2d 729 (1984). *Richardson* v. *Richardson*, 139 Wis. 2d 778 (1987). See generally 2 Valuation and Distribution of Marital Property § 23.07[1] (J.P. McCahey ed. 1987).

At least three jurisdictions have enacted statutes specifically addressing the treatment of personal injury awards or settlements in a divorce context. See, e.g., Cal. Civ. Code § 4800(c) (Deering 1983) ("[C]ommunity property personal injury damages shall be assigned to the party who suffered the injuries unless the court . . . determines that the interests of justice require another disposition. . . . [A]t least one-half of such damages shall be assigned to the party who suffered the injuries."); N.Y. Dom. Rel. Law § 236 B(1)(d)(2) (McKinney 1986) ("The term separate property shall mean: . . . compensation for personal injuries"); Tex. Fam. Code Ann. § 5.01(a)(3) (Vernon 1975) ("A spouse's separate property consists of: . . . (3) the recovery for personal injuries sustained by the spouse during marriage, except any recovery for the loss of earning capacity during marriage").

judgment made pursuant to § 34, a two-step analysis applies. "First, we examine the judge's findings to determine whether all relevant factors in § 34 were considered. . . . The judge may consider only factors which are enumerated in § 34 . . . . [Second, we] determine whether the reasons for the judge's conclusions are apparent in his findings and rulings. . . . The rationale for the decision must appear in the judgment either explicitly or by clear implication, and the mere listing of findings, even if detailed, is not enough." *Bowring* v. *Reid*, 399 Mass. 265, 267-268 (1987). See *Redding* v. *Redding*, 398 Mass. 102, 107-108 (1986).

We have reviewed the judge's order. He appropriately considered all of the required and discretionary factors under § 34 and explained his assessment of the parties' circumstances. Given the wife's dire financial circumstances, the assignment of the automobile was well within the judge's power under § 34. His findings and conclusions were not "plainly wrong and excessive." *Rice* v. *Rice, supra* at 402. See *Yannas* v. *Frondistou-Yannas, supra* at 709-710.

3. *Child Support.* The order for child support in the amount of $100 weekly, however, must be remanded for further explanation. The husband claims that, when combined with his insurance payments for a child of his first marriage, he is required to pay from pre-tax earnings nearly the entire amount of his income. It is not clear from the judge's findings precisely what the husband's total expenses are in relation to his income. The result cannot stand, absent a clear and adequate explanation. *Bowring, supra* at 268.

The case is remanded for further findings and explanations on the sole issue of child support. The remainder of the judgment is affirmed. The wife is to have the costs of this appeal, including reasonable attorneys' fees, as may be determined by the Probate Court judge on remand.

*So ordered.*

LIACOS, J. (concurring in part and dissenting in part, with whom Lynch, J., joins). While I agree with, and concur in,

the court's decision pertaining to the husband's claims of error as to the assignment of an automobile and as to the order pertaining to child support, I write to express my disagreement with the court's decision on the major issue in this appeal. That issue pertains to whether an interest in a pending lawsuit should be considered subject to division as part of the marital estate under G. L. c. 208, § 34 (1986 ed.). In my view, the court has not distinguished persuasively our prior cases dealing with the division of expectancies.

It is true, as the court states, that "Massachusetts law [G. L. c. 208, § 34] vests in a judge broad powers of discretion regarding the division of marital estates." *Ante* at 187. Nevertheless, there are limits on what may be considered marital property. Recently, we held that "the present value of future earned income is not subject to equitable assignment under G. L. c. 208, § 34." *Drapek* v. *Drapek*, 399 Mass. 240, 244 (1987) (professional degree or license not a marital asset subject to division). Our concern in *Drapek* was the speculative nature and uncertain future of expectancy interests. *Id.* We reached a similar conclusion in *Yannas* v. *Frondistou-Yannas*, 395 Mass. 704, 714 (1985) (judge could conclude that present value of future income from patents too speculative to consider).

Also, the Appeals Court has held that § 34 does not encompass the expectancy interest in a will where, at the time of divorce, the testator was still alive and could have changed the inheritance provisions. *Davidson* v. *Davidson*, 19 Mass. App. Ct. 364, 374 (1985).[1] The court noted that practical

---

[1] Where the acquisition of assets is certain, and current valuation is possible, the assets may be considered for assignment under § 34. See, e.g., *Dewan* v. *Dewan*, 399 Mass. 754, 757 (1987) (assignment of percentage interest in current value of vested future pension benefits). See also *Earle* v. *Earle*, 13 Mass. App. Ct. 1062, 1063 (1982) (judge can consider vested inheritance from estate of husband's father in property settlement); *Davidson, supra* at 371-372 (reaches same result as to vested remainder interest arising from estate of husband's father).

Other jurisdictions are divided on such matters but essentially seem to hold, as have we, that vested interests are to be treated differently from speculative or contingent interests. For a summary of the holdings in other States, see *Davidson, supra* at 372 n.11.

reasons govern the general rule excluding such expectancies from the statutory definition of property subject to division: "An attempt at some determination of the usual speculative quantum of an expectancy might well involve the lengthy trial of issues collateral to the § 34 action: the validity of a will, current and future testamentary capacity, valuation of the estates of others, familial relationships, and so forth. See *Krause* v. *Krause*, 174 Conn. 361, 365 (1978)." *Id.*

When inchoate choses in action are involved, a danger exists of conducting, in effect, a trial on the merits of the pending lawsuits, perhaps before all of the evidence that eventually will be offered at trial either is known or is available. I find the court's position to the contrary on this point to be unpersuasive. Neither the outcome nor the length of the pending litigation is predictable. Unlike a vested pension benefit or a vested inheritance, there is no guarantee that the husband will receive anything from these lawsuits. He may lose the cases or decide to withdraw his complaints. We should be mindful that, "[u]nlike alimony, a property settlement is not subject to modification."[2] *Drapek, supra* at 244, and authorities cited. A final and equitable property division under § 34 should not be based on speculative assets.[3] Nor can the settlement be left open indefinitely, pending resolution of the lawsuits.[4]

---

[2] Nothing I state today would preclude a petition for modification as to alimony or child support should the husband prevail in the Martha's Vineyard lawsuits. See G. L. c. 208, § 37 (1986 ed.).

[3] In *Heacock* v. *Heacock*, 402 Mass. 21, 25 n.3 (1988), the court stated, as to a pending tort claim of the wife against the husband for assault and battery, that "[w]e think that it is appropriate to require, in future divorce actions, that the parties list the existence of such claims, although of unascertainable market value, in financial statements filed with the Probate Court." The existence of a pending lawsuit may be relevant to the determination of alimony and child support and, depending on the nature of the pending claims or expectancy, to the division of the marital estate. Such matters are properly a part of the required financial statements to be considered by the Probate Court judge, although, on reflection, this information may not be considered a part of the marital estate subject to division.

[4] The views I express here apply to *Lyons* v. *Lyons, post* 1003 (1988). Hence I do not agree with the court's rescript opinion in that case.