NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

23-P-919

BRAD S. RICHARD

vs.

TRICIA A. RICHARD.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The wife appeals from a judgment of divorce nisi and from orders denying her postjudgment motions to amend the judge's findings.  She argues that the judge abused her discretion by (1) failing to consider the husband's past substance use in determining the parties' respective ability to parent their two minor children, and (2) failing to include in the marital estate the value of the home that the parties occupied, assertedly under a rent-to-own agreement.  Seeing no abuse of discretion, we affirm.

1.  Child custody.  a.  Background.  As the judge found after trial, the parties were married in 2008 and have two minor children.  During the early years of their marriage, both

parties used cocaine, alcohol, and marijuana excessively. The husband stopped using these substances to excess after two years of marriage, although he continued to use marijuana and alcohol regularly, and has no history of substance use treatment or hospitalization. The wife, however, continued to use alcohol excessively and has been hospitalized for alcohol use treatment and related health issues. Her alcohol use jeopardized the children's safety and wellbeing and ultimately led to the breakdown of the marriage. During the pendency of this case, she denied being an alcoholic and lied to the court about her ongoing alcohol use.

Earlier in the marriage, the wife was the primary caregiver of the two children. However, her alcohol use eventually interfered significantly with her ability to fill that role, and by the time of trial, the husband had been the primary caregiver for several years, meeting the children's academic, social, and emotional needs. The husband facilitated the children's visits with the wife, when she was sufficiently sober for visits to be safe. Based on the wife's continuing problems with alcohol use, the judge found that it was in the children's best interests to remain in the primary care of the husband. The judge awarded legal custody to the parties jointly and physical custody to the husband, with a detailed plan for parenting time for the wife, subject to alcohol monitoring.

2

b.  Discussion.  The wife requests no specific relief regarding custody.  Her brief requests a new trial on the issue, yet she did not file any motion for a new trial before taking this appeal, nor does she identify any particular error occurring at trial that would make a new trial appropriate.[1]  Rather, she appears to argue that the judge abused her discretion by giving insufficient consideration to certain factors bearing on custody.  We are unpersuaded.

The wife first argues that the judge failed to connect the wife's problems with alcohol use to her ability to parent.  Yet the judge's findings describe instances in which the wife's intoxication impaired her ability to supervise her children and keep them safe.  She passed out from alcohol use while the children were in her care, and on another occasion one of the children glued his eyes together while the wife was under the influence.

The wife also asserts that the judge failed to assess whether the husband was addressing his own alcohol addiction and how it affected his husband's parenting ability.  This claim is

---

[1] The wife also filed a postjudgment motion to amend two findings of fact concerning her alcohol use and other health issues.  The judge denied the motion, and the wife appealed from that order, but her brief makes no argument concerning the order.  The issue is therefore waived, and we do not discuss it further.

3

unavailing. The judge found that the husband, although continuing to use alcohol and marijuana, did not have any current problems with substance use or addiction, and that he was meeting the needs of the children as their primary caretaker.

A judge "must settle custody in a manner that advances the best interests of the children." Bak v. Bak, 24 Mass. App. Ct. 608, 616 (1987). Reviewing the custody determination "only for abuse of discretion," we see none here. See Murphy v. Murphy, 82 Mass. App. Ct. 186, 193 (2012).

2. Ownership of marital home. a. Background. During the marriage, the parties lived in a home owned by the husband's mother. In her April 2022 pretrial memorandum, the wife asserted that the mother had purchased the property specifically for the parties' use and their eventual acquisition through a rent-to-own agreement, but that the property had never been conveyed to them. The wife's memorandum listed the valuation and division of the property as triable issues. She acknowledged, however, that neither she nor the husband had listed any interest in the property on their financial statements.[2] Her memorandum further stated that she "has or will

_____

[2] Our review of the issue is hampered by the wife's failure to include the financial statements in her record appendix. This violates the "fundamental and long-standing rule of appellate civil practice" that the appellant has an obligation

4

file an [e]quity [c]omplaint to address the constructive or resulting trust created by this transaction and breach." The judge declined to include the matter in the list of contested issues for trial.

In June 2022, the wife filed a separate action against the mother in District Court, seeking to recover the value of her asserted investment in the marital home, either through the imposition of a constructive or resulting trust or through an award of damages. The wife later amended her complaint to name the husband as an additional defendant, and the case was transferred to Superior Court. We take judicial notice of these filings. See Jarosz v. Palmer, 436 Mass. 526, 530 (2002) (court may take judicial notice of court records in related case).

In November 2022, in the divorce action, the wife filed a motion in limine to add to the list of issues for trial the parties' interests in the property. The judge denied the motion. As a result, the wife contends, she was unable to introduce evidence to show that the property was part of the marital estate.

"to include in the appendix those parts of the . . . [record that] are essential for review of the issues raised on appeal." Shawmut Community Bank, N.A. v. Zagami, 30 Mass. App. Ct. 371, 372-373 (1991), S.C., 411 Mass. 807 (1992).

Nevertheless, at trial in February 2023, the wife elicited some testimony on the issue from the husband. The judge, in finding of fact number 56 (finding 56), credited that testimony and concluded that the parties paid rent to the husband's mother, and hoped and planned to purchase the property from her one day, but never did so. The property was held in the name of the husband's mother, and the judge concluded it was not a marital asset. The remainder of the parties' assets were divided according to their separation agreement, which was incorporated in the judgment.

After judgment entered, the wife moved to amend the judge's findings by deleting finding 56, or in the alternative for a new trial. The wife argued that finding 56 was erroneous in that there was not merely a hope and a plan to purchase the home, but an agreement to so do. Although the motion stated that attached thereto were numerous supporting exhibits, the wife's record appendix omits several of those exhibits, including the mother's deposition testimony, her interrogatory answers, a "notarized agreement," and an affidavit from the husband. See note 2 supra. The judge denied the motion to amend the findings, and the wife has appealed from that order.

b. Discussion. On appeal, the wife first argues that the judged abused her discretion by excluding evidence of the parties' rent-to-own interest in the marital home and by

6

excluding the value of that interest from the divisible estate. The wife contends that such evidence would have shown what was the value of the parties' interest and that it was recoverable through a claim against the mother. The wife asserts that the value of the claim should have been included in the marital estate and divided on an "if and when received" basis.

"A divorcing spouse's enforceable right to an asset generally permits that asset to be included in the marital estate." Pfannenstiehl v. Pfannenstiehl, 475 Mass. 105, 111 (2016). Where a loss affects both spouses, the value of "an enforceable, ripened, and pending claim for money damages" brought by one spouse against a third party may be included in the marital estate. Hanify v. Hanify, 403 Mass. 184, 188 (1988). Such a claim is a "chose in action" and, if its present valuation is uncertain, a judge in a divorce case may "order that any future recovery or payment be divided, if and when received, according to a formula fixed in the property assignment." Id.

Here, however, unlike in Hanify, the wife did not seek her share of potential future damages, or an interest in property, that would otherwise accrue to the husband on a claim he alone had asserted. Compare Hanify, 403 Mass. at 188-189. Here, it is the wife herself who brought the claim, even while failing to list it as marital property in her financial statement. To be

7

sure, she named the husband as a defendant, but if her allegations of a rent-to-own agreement are proven in the Superior Court case, the husband presumably will share in the recovery. A Superior Court judge is as capable as the judge in this divorce case of determining, based on whatever evidence may be presented at trial, whether and how any recovery should be equitably divided.

Notably, the judge here did not determine what would be the most equitable division of the parties' other property, or any part of it. She had no occasion to do so, because the parties themselves divided it all in their separation agreement. Thus this is not a case where a judge could simply have ordered that proceeds of the pending claim, "if and when received," be divided in the same proportion as the rest of the estate. Hanify, 403 Mass. at 189. Similarly, this is not a case where any future division of the proceeds by a Superior Court judge might upset some equitable division scheme already settled upon by the divorce judge.

Tellingly, the wife here does not propose any formula for dividing any proceeds of her pending claim. Nor does she point to any principle of divorce law that might require a different division of any recovery than contract or property law might require. We do not intimate that any particular division, or any division at all, would be required. That issue may depend

8

on the resolution of factual issues that could not be settled in binding fashion in this divorce action, because the mother -- a party to the claimed rent-to-own agreement, and a defendant in the Superior Court case -- is not a party here.

For all of the foregoing reasons, the judge did not abuse her discretion in declining to include the parties' interest in the home in the marital estate, thus leaving it to the Superior Court to do so if and when necessary.

As for the wife's appeal from the order denying her motion to amend the findings or for a new trial, the wife has not shown that the finding in question was erroneous, and she has not included in her record appendix the documents that she claims bear on that question. It follows that she cannot show an abuse of discretion in the denial of the motion. "We grant considerable deference to a judge's disposition of a motion for a new trial, especially where [she] was the trial judge, and we will reverse the ruling only for an abuse of discretion." Gath v. M/A-Com, Inc., 440 Mass. 482, 492 (2003).

We comment briefly on the wife's suggestion that leaving finding 56 intact unfairly prejudices her by creating questions of claim or issue preclusion in the Superior Court. On this record, we are unpersuaded. Claim preclusion "bars further litigation of all matters that were or should have been adjudicated in the [earlier] action." Heacock v. Heacock, 402

9

Mass. 21, 23 (1988).  None of the wife's claims against the mother in Superior Court were asserted here, nor does it appear that they could have been asserted, because the mother was not a party.  Issue preclusion applies only where, among other things, the issue "actually was litigated and determined in a prior action between the parties or their privies."  Id. at 25.  Here, finding 56 said nothing about the existence or content of the asserted rent-to-own agreement, nor is it apparent that anything stated in that finding would be inconsistent with any of the wife's Superior Court claims.

Judgment affirmed.

Orders dated May 5, 2023,
   denying defendant's
   posttrial motions affirmed.

By the Court (Sacks,
   Ditkoff & Toone, JJ.[3]),

Clerk

Entered: October 7, 2024.

---

[3] The panelists are listed in order of seniority.