NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

24-P-425

JEANETTE A. MCCARTHY

vs.

ARTHUR J. MCCARTHY, JR.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The plaintiff, Jeanette A. McCarthy (wife), appeals from a supplemental judgment of divorce nisi dated July 27, 2023 (supplemental judgment), entered by a judge of the Probate and Family Court pursuant to an order of remand from a panel of this court.[1]  She contends that the judge erred in the amount and structure of the alimony award and dividing certain assets.  We vacate so much of the supplemental judgment as pertains to alimony and remand the case for further proceedings consistent with this memorandum and order.  The supplemental judgment is otherwise affirmed.

---

[1] McCarthy v. McCarthy, 98 Mass. App. Ct. 1116 (2020).

Background.  The parties were married on September 21, 1984.  The defendant, Arthur J. McCarthy, Jr. (husband), worked full-time throughout the marriage, first as a certified public accountant and then as an executive for a financial staffing company.  His compensation included a base salary and quarterly bonuses, in addition to employee stock programs (discussed further below).  The wife was employed full-time as a bookkeeper until 1996, when the parties agreed that she would stop working to raise their two children.[2]  Beginning in 2004, and continuing through the time of trial, the wife worked part-time in accounting and finance.  The parties enjoyed a middle class station in life throughout most of the marriage, and an upper middle class station in the latter years of the marriage.

As relevant here, the judgment of divorce nisi that entered in 2018 (2018 judgment) awarded the wife $740 per week in base alimony and a decreasing percentage of the husband's quarterly bonuses, capped at $300,000, in additional alimony.  With the exception of the assets at issue in this appeal, the marital estate, valued at approximately $2.78 million, was equally divided.  The judge also divided the husband's shares from an Employee Stock Ownership Plan (ESOP) and a Stock Appreciation

---

[2] Both children were emancipated at the time of trial.

2

Rights Plan (SARS) on an if, as and when basis.[3]  The 2018 judgment provided that the wife would receive a decreasing percentage of the vested ESOP shares over time and twenty percent of the SARS shares when they vested in 2020.

On the wife's appeal from the 2018 judgment, a panel of this court vacated the alimony award and the division of the ESOP and SARS shares and remanded the case for further findings and rulings.  See McCarthy v. McCarthy, 98 Mass. App. Ct. 1116 (2020).  Thereafter, on July 27, 2023, the judge issued the supplemental judgment and amended findings of fact and rationale in support of the judgment.  This appeal followed.

Discussion.  1.  Division of marital estate.  The wife contends that the judge erred and abused her discretion in dividing the ESOP and SARS shares.  "We review the judge's findings to determine whether she considered all the relevant factors under G. L. c. 208, § 34, and whether she relied on any irrelevant factors."  Zaleski v. Zaleski, 469 Mass. 230, 245 (2014).  We then "determine whether the reasons for the judge's conclusions are 'apparent in [her] findings and rulings.'" Adams v. Adams, 459 Mass. 361, 371 (2011), quoting Redding v. Redding, 398 Mass. 102, 108 (1986).  "We will not reverse a judgment with respect to property division unless it is plainly

_____

[3] The ESOP was only partially vested and the SARS was not vested at the time of trial.

3

wrong and excessive" (quotation and citation omitted). Zaleski, supra. See Rice v. Rice, 372 Mass. 398, 401 (1977) (judge has broad discretion to equitably divide marital property).

Here, the judge considered the relevant statutory factors and did not abuse her discretion in dividing the ESOP and SARS shares. The unvested shares were properly subject to division, and neither party contends otherwise. See Baccanti v. Morton, 434 Mass. 787, 794-795 (2001); Canisius v. Morgenstern, 87 Mass. App. Ct. 759, 764-765 (2015), and cases cited. The manner in which the judge divided these shares was not erroneous where they had not vested at the time of trial, and the husband's continued postdivorce efforts were a factor in the shares' future value. See Baccanti, supra at 796; Hanify v. Hanify, 403 Mass. 184, 188 (1988) ("where present valuation . . . is uncertain or impractical, the better practice is to order that any future recovery or payment be divided, if and when received, according to a formula fixed in the property assignment").

We are not persuaded by the wife's contention that the judge abused her discretion by unequally dividing the ESOP and SARS shares. "The trial judge has discretion under G. L. c. 208, § 34, to decide whether an asset should be included in the marital estate based on the parties' joint efforts in acquiring that asset." Baccanti, 434 Mass. at 799. "[T]he fact that only one party may exert efforts after dissolution of the

4

marriage to obtain the asset should be taken into account when dividing property in a divorce proceeding."  Id.

Here, the judge explained that "the bulk of [the husband's] interests in the SARS and ESOP [accounts] . . . are presently unvested and could be considered a portion of [the husband's] compensation in the future."  She considered the parties' "relatively equal contributions" to the marital partnership "up until the last few years of the marriage."  She found that the ultimate value of the shares "is contingent on a number of factors, including but not limited to [the husband's] continued employment . . . and the continued prosperity of the company." The judge also recognized that the husband's "expertise in the field and employment value arose during this long-term marriage," and thus found the wife entitled to a portion of the ESOP and SARS shares because her contributions to the marital partnership enabled the husband to acquire those assets.  There was no error.  See Williams v. Massa, 431 Mass. 619, 626 (2000) ("the ultimate goal of G. L. c. 208, § 34," is "an equitable, rather than an equal, division of property"); Brower v. Brower, 61 Mass. App. Ct. 216, 222 n.14 (2004) ("The ultimate consideration is fairness").[4]

---

[4] The judge wrote that she applied the "spirit" of the Baccanti "time rule" in dividing these assets.  While we do not know what "spirit" means in this context, we need not resolve

5

2.  Alimony.  The wife challenges both the amount and structure of the alimony award.  "The purpose of alimony is to provide adequate support for a spouse who needs it."  Williams, 431 Mass. at 634.  The purpose of general term alimony is to support one spouse who has become "economically dependent" on the other.  G. L. c. 208, § 48.  See Connor v. Benedict, 481 Mass. 567, 572 (2019).  The judge must consider the factors set forth in G. L. c.  208, § 53 (a), see Young v. Young, 478 Mass. 1, 5 (2017), and the recipient spouse's "need for support and maintenance in relationship to the respective financial circumstances of the parties" (citation omitted).  Grubert v. Grubert, 20 Mass. App. Ct. 811, 819 (1985).  See Young, supra at 5-6.  "[T]he reason for [the judge's] conclusion [should be] apparent in her findings."  Zaleski, 469 Mass. at 236.  We will not disturb the judgment unless it is "plainly wrong and excessive."  Id.  See Heins v. Ledis, 422 Mass. 477, 481 (1996).

a.  Amount of alimony.  As a preliminary matter, the wife challenges the judge's finding that some of the wife's expenses were not credible, and her conclusion that the wife's actual expenses are $2,283 per week.  This is essentially a challenge

_____

that question as Baccanti, 434 Mass. at 801, anticipated the use of a numerator and denominator not present here.

6

to the weight of the evidence.[5]  This determination was "squarely within the judge's broad discretion," and we will not disturb it.  Openshaw v. Openshaw, 493 Mass. 599, 611 (2024).

Here, the judge's reasons for the amount and structure of the alimony award are not consistent with her findings.  Specifically, the judge did not adequately explain how she considered the husband's earnings in the latter years of the marriage.  While the judge considered his 2015 income, she excluded in its entirety the husband's 2016 and 2017 income from the marital lifestyle.  While the 2016 income was considerably higher than prior years, the judge had many options, including adjusting the gross income to reflect historical increases.  Instead, she simply excluded it without articulating a permissible basis for doing so.[6]  The case must therefore be remanded.  See Zaleski, 469 Mass. at 243 ("The language of the [alimony] act is clear that all of the payor spouse's income . . . must be included in any calculation of alimony").

Moreover, it is unclear whether the judge recognized that the base alimony award may not meet the wife's needs as found by

---

[5] The wife also contends that the judge failed to consider the tax consequences of the alimony award.  This argument was not raised below and is therefore waived.  See Carey v. New England Organ Bank, 446 Mass. 270, 285 (2006).

[6] To the extent that the judge considered the lack of intimacy in the latter part of the marriage as a factor in the amount and structure of alimony, that was error.

the judge.  See Sampson v. Sampson, 62 Mass. App. Ct. 366, 369-370 (2004) ("The judge's own findings cast doubt on the wife's present ability to meet her ordinary needs").  See also G. L. c. 208, § 48 (definition of alimony includes recipient spouse's "need" for support); Hassey v. Hassey, 85 Mass. App. Ct. 518, 524-525 (2014) ("central issue" is "dependent spouse's need for support" [quotation and citation omitted]).  To be sure, the judgment included provisions favorable to the wife, such as not attributing additional income to her despite finding that she was underemployed and requiring the husband to make alimony payments after turning sixty-six years old.  These aspects of the judgment, however, do not assist us in determining why the judge excluded the husband's income in 2016 and 2017 from the alimony formulation.

Finally, to the extent that the judge used a fifteen-year average of the husband's income (and as the issue may arise on remand), we conclude that it was error to do so.  Similarly, the judge erred in excluding the husband's income in the final years of the marriage, thereby artificially deflating the parties' marital lifestyle.  See Zaleski, 469 Mass. at 242-243 (required considerations under G. L. c. 208, § 53 [a], include marital lifestyle).  For all of these reasons, the amount of the alimony award cannot stand.

8

b.  Structure of alimony award.  The question of how to structure the alimony award may arise on further remand, so we briefly address it here.  Self-executing alimony orders are permissible in some circumstances.  See Young, 478 Mass. at 9-11; Hassey, 85 Mass. App. Ct. at 527 n.18.  A hybrid alimony award that includes a base alimony award and a percentage of a payor's bonuses as additional alimony may be permissible with findings that support such an award.  Here, the record supports the judge's finding that the husband's bonuses were "associated with his high level of performance," which would require significant effort from the husband in the future, to which the wife will not contribute.  Similarly, a judge may issue an alimony award that includes a cap on the payor's earnings as reflective of the postdivorce efforts of the payor.  See Young, supra at 8 ("nothing in the language of the statute or our case law suggests that the recipient spouse is entitled, by way of alimony, to enjoy a lifestyle beyond what he or she experienced during the marriage").  On remand, the judge may consider both the use of a hybrid alimony award and a cap on the husband's income.

Conclusion.  So much of the supplemental judgment of divorce nisi dated July 27, 2023, as pertains to alimony is vacated, and the matter is remanded for further proceedings consistent with this memorandum and order.  The judgment is

9

otherwise affirmed.  During the pendency of the remand, the husband shall continue to pay the alimony award set forth in the supplemental judgment as temporary alimony to the wife, unless otherwise ordered by the judge or agreed to by the parties.[7]

<u>So ordered</u>.

By the Court (Blake, C.J.,
  Meade & Englander, JJ.[8]),

Clerk

Entered:  May 15, 2025.

---

[7] The husband's request for appellate costs and attorneys' fees is denied.

[8] The panelists are listed in order of seniority.