EVERHARDT, Appellant,

v.

EVERHARDT, Appellee.

[Cite as *Everhardt v. Everhardt* (1991), 77 Ohio App.3d 396.]

Court of Appeals of Ohio,
Lucas County.

No. L-90-177.

Decided Sept. 30, 1991.

*George R. Royer,* for appellant.
*Richard C. Garand,* for appellee.

ABOOD, Judge.

This is an appeal from a judgment of the Lucas County Court of Common Pleas, Domestic Relations Division, which awarded appellant $3,300.70 as her share of the proceeds of a personal injury settlement which had been received by appellee while the parties were still married. Appellant sets forth three assignments of error:

"1. The court erred in its order in allocating (between appellant and appellee) the amount of appellant's personal injury award (as directed by this court on remand) by allocating to appellant only the amount of $3,300.70 (as her part of the overall personal injury award)[.]

"2. The court erred in ruling that of the personal injury award (valued at approximately $600,000.00) only the amount of $6,601.49 comprised martial [*sic*] assets to be divided in the divorce between plaintiff and defendant herein, and that ruling only unreimbursed medical bills and wages as marital property is error and not consistent with the mandate of this court[.]

"3. The court erred in rejecting the expert witness testimony of appellant's expert on valuation of aspects of the personal injury paid of appellant[.]"

The undisputed facts that are relevant to the issues raised on appeal are as follows. The parties were married in July 1966, divorced in January 1973, and remarried in July 1973. Appellee was employed by Conrail and in 1978 and again in 1982 he was injured while on the job. In 1984, appellant again filed for divorce. Appellee's injuries ultimately led to litigation with his employer and on March 19, 1985, appellee and Conrail entered into a settlement agreement which provided appellee with a $68,000 lump sum payment and monthly payments of $1,200 for thirty years. (The total payout was to be $605,000.) On January 30, 1986, the trial court entered its judgment which granted appellant a divorce, ordered a division of marital assets and debts and awarded appellant sustenance alimony of $125 a week for three years and $75 a week for two additional years. In its consideration, the trial court did not find appellee's settlement award to be marital property. Appellant appealed that judgment of the trial court, asserting the following assignments of error:

" '[1.] The Court Erred in the Order Dividing the Marital Property of Plaintiff and Defendant, in that Plaintiff was Granted a Disproportionately Small Percentage of the Marital Property in View of the Evidence, and Such Constituted an Abuse of Discretion.'

" '[2.] The Court Erred in Awarding Plaintiff (Appellant) Only the Amount of $125.00 Per Week As Alimony for a Period of Three Years and $75.00 Per Week for an Additional Two Years.'

" '[3.] The Court Erred in Not Permitting Appellant to Change Counsel Prior to the Final Hearing.' "

In that appeal, this court found appellant's third assignment of error not well taken and, after an analysis of the first two assignments of error, on its own initiative raised the issue of whether appellee's settlement award should have been considered as marital property. This court stated in its opinion:

"The classification of the settlement award, as either marital or non-marital property, clearly affects the division of property and defendant's ability to make payments of alimony." *Everhardt v. Everhardt* (Feb. 6, 1987), Lucas App. No. L–86–060, unreported, 1987 WL 6197.

Because Ohio courts had not previously discussed this issue in detail, this court looked to other jurisdictions to see how they had analyzed this question and found that they had formulated three different methods of handling personal injury settlement awards. The first method recognizes a personal injury settlement as marital property in its entirety. *Heilman v. Heilman* (1982), 95 Mich.App. 728, 291 N.W.2d 183; *Trapani v. Trapani* (Mo.App.1984),

684 S.W.2d 500; *Landwehr v. Landwehr* (1985), 200 N.J.Super. 56, 490 A.2d 342. The second method recognizes such a settlement award as non-marital property not subject to division. *Unkle v. Unkle* (1986), 305 Md. 587, 505 A.2d 849. The third approach recognizes a personal injury settlement as marital property only to the extent that it compensates the injured party for lost wages and medical expenses which have diminished the marital estate. This approach classifies any settlement money which compensates for pain and suffering and future medical expenses or future lost wages as personal to the injured party and therefore non-marital property. *Amato v. Amato* (1981), 180 N.J.Super. 210, 434 A.2d 639, and *Liles v. Liles* (1986), 289 Ark. 159, 711 S.W.2d 447. This court adopted the third approach as being the most fair, stating:

" * * * a personal injury settlement is marital property only to the extent lost earnings and medical expenses have adversely impacted upon the marital estate." *Everhardt, supra,* at 8.

This court further explained:

"The figure * * * is ascertainable and permits the trial court, vested with broad discretion, to value the settlement, determine what figure should be considered marital property, and then make a final and equitable distribution of the marital property." *Everhardt, supra,* at 11.

This court reversed the trial court's judgment and remanded the case to the trial court, instructing it to "take evidence concerning the personal injury settlement, so that an appropriate division as marital and non-marital property may be made."

On remand, the trial court heard evidence on the question of the division of the personal injury settlement award. The parties stipulated to the admission of a letter received by appellee's counsel from an attorney for Conrail which summarized the details of the settlement agreement. The letter provided information on appellee's lost wages for both injuries and stated that all of appellee's medical bills were paid by either Conrail or its insurance company. Appellant testified that she and appellee were married during the two time periods that appellee was unable to work due to his injuries (May 4, 1981–September 21, 1982 and July 21, 1983–January 9, 1984) and stated that appellee's medical expenses had been covered by insurance. The court also heard the testimony of attorney Michael Jilek, who testified for appellant as an expert in personal injury litigation. Jilek stated that it was his opinion that the portion of the settlement money that appellee received for medical expenses and lost wages should be considered a marital asset because the settlement had occurred prior to the time of the parties' divorce. He also testified that it had been his experience that a spouse is usually entitled to

receive that portion of a structured settlement that is received prior to the termination of a marriage and stated that if the settlement money had been received in a lump sum, as opposed to through a structured settlement, at least a portion of it would have been considered a marital asset.

Appellee testified as to his lost wages and as to amounts he received from his insurance carrier and from his railroad retirement fund in place of his wages. Appellee stated that the amounts he received from the above two sources were substantially equal to the amount he would have received as wages had he continued to work. He also testified that he had no out-of-pocket medical expenses as a result of his injuries.

On December 14, 1989, the trial court filed its judgment in which it found that appellant's medical bills had been paid either by his employer or his insurance carrier, that he had not personally paid any of them and, therefore, the $35,000 that had been received for medical expenses was not a marital asset subject to distribution; that, while appellee had received disability pay for which he was obligated to reimburse Conrail out of his settlement, there had been no depletion of family funds during the time he was disabled, the family had not been deprived of income and, therefore, the $24,000 that he had received for lost wages was not a marital asset subject to distribution; and, as to appellee's argument that he should be given "credit" for income tax paid on his lost wages or the difference between the $24,000 he would have earned and the $17,398.51 he actually netted, the trial court found that, given the state of the record equity would be best served by awarding appellant one-half of $6,601.49 as her share of the settlement and awarded appellant $3,300.70, plus interest. The court found no reason for any additional adjustment of the periodic alimony awarded previously nor any reason to adjust the prior division of the parties' personal and real property. It is from this judgment that appellant brings this appeal.

Appellant's first two assignments of error present the same argument and will therefore be addressed together. Appellant argues that the trial court erred when it determined that only $6,601.49 of appellee's settlement funds was marital property and awarded her only $3,300.70 as her part of the total award. Appellant asserts that the trial court, on remand, interpreted this court's prior holding improperly; that this court had held that any portion of a personal injury settlement is marital property to the extent that it constituted reimbursement for lost wages or medical expenses; and that, contrary to the trial court's interpretation, this court did not state that for purposes of determining the value of marital assets, compensation for lost wages and medical expenses was to be limited to expenses that had not been reimbursed.

Appellee responds that appellant seems to have totally ignored this court's approach to the issue, which was that:

"A personal injury settlement is marital property only to the extent lost earnings and medical expenses have adversely impacted upon the marital estate." *Everhardt, supra,* at 8.

In alimony matters, the reviewing court may not reverse unless it finds an abuse of discretion by the trial court. *Miller v. Miller* (1988), 37 Ohio St.3d 71, 523 N.E.2d 846; *Worthington v. Worthington* (1986), 21 Ohio St.3d 73, 21 OBR 371, 488 N.E.2d 150. In applying that standard, this court must determine whether the trial court's finding is so contrary to the weight of the evidence that it is unreasonable, arbitrary or unconscionable and, therefore, constitutes an abuse of discretion. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 5 OBR 481, 450 N.E.2d 1140. After a complete review of the record, including the trial court transcript and the trial court's decision of December 14, 1989, which is summarized above, we find that the trial court gave careful and thorough consideration to this court's holding as to how it was to determine whether any part of a personal injury settlement award constitutes marital property; that this court instructed the trial court to determine to what extent, if at all, lost wages and the payment of medical expenses had diminished the marital estate; and that the trial court did not abuse its discretion in its distribution of the settlement award. Accordingly, appellant's first and second assignments of error are found not well taken.

In her third assignment of error, appellant asserts that the trial court erred in rejecting her expert witness's testimony as to the distribution of personal injury settlement awards. Appellant claims that the court "rejected" the expert testimony as not being "relevant." Appellee responds that the trial court had no obligation to accept the expert's opinion because it was contradicted by both cross-examination and other evidence that was presented.

Upon careful review of the trial transcript this court finds that the court did not discount appellant's expert witness but rather stated at one point that, " * * * I think I can recognize Mr. Jilek as an experienced personal injury lawyer. * * * And I would recognize him as an expert in the field of personal injury settlements. I have no problems with his qualifications." The trial court is not obligated to decide in accordance with testimony simply because it is offered by an expert but rather is to weigh all of the evidence that is presented. Upon consideration of the entire record of proceedings in this case, this court finds further that the trial court did not abuse its discretion in evaluating and considering the testimony of appellant's expert witness. Accordingly, appellant's third assignment of error is found not well taken.

On consideration whereof, this court finds that substantial justice was done the party complaining, and the judgment of the court of common pleas is affirmed.

*Judgment affirmed.*

GLASSER and SHERCK, JJ., concur.