MARCUM, Appellant,

v.

MARCUM, Appellee.

[Cite as *Marcum v. Marcum* (1996), 116 Ohio App.3d 606.]

Court of Appeals of Ohio,
Second District, Montgomery County.

No. 15718.

Decided Dec. 13, 1996.

608

*Peter R. Certo,* for appellant.

*Carl Anthony Cramer,* for appellee.

GRADY, Judge.

This is an appeal from a decree of divorce. The issues presented on appeal arise from the trial court's allocation of marital and separate property and its order requiring David Marcum to pay spousal support to Angela Marcum in a lump sum from his separate property. All of the monies involved were received by the parties in settlement of a personal injury claim.

In June 1992, David Marcum suffered severe injuries in a motorcycle accident, including an amputated left arm, multiple leg fractures, and extensive head injuries. A policy-limits settlement was subsequently made with the alleged

tortfeasor's insurer in the amount of $300,000. After payment of attorney fees, the Marcums' net proceeds were $200,000. The Marcums received an additional benefit of $5,000 under a separate loss-of-limb insurance policy.

In April 1994, David Marcum filed his complaint for divorce. Angela Marcum filed an answer and counterclaim for divorce in May 1994. The parties eventually agreed on the major issues concerning their divorce, except whether the compensation paid for Mr. Marcum's injuries constituted marital or separate property and the amount of spousal support, if any, to be awarded to Mrs. Marcum. In the final decree of divorce, the court resolved those matters, stating:

"Applying the statute [R.C. 3105.171] and the case guidance to the Marcum circumstances, the only portion of the personal injury award which can be said to be marital in nature is the portion which is attributable to Plaintiff's lost wages during the marriage. This would amount to his wage rate of $15,600.00 annually for a period of 15 months, or $19,500.00. Each party is entitled to one-half of this amount or $9,750.00. The page [sic, past] medical expenses of Plaintiff were not paid from marital assets and thus do not constitute marital property. The balance of $185,500.00 represents Plaintiff's separate property for his future medical expenses, future lost wages, and pain and suffering, plus Defendant's separate property for her loss of consortium claim. The parties were unable to allocate the proportion for each type of claim. Plaintiff urges the Court to ignore Defendant's separate property claim and allocate 100% of the settlement as his separate property claim. The Court finds this would be inequitable, and sets Defendant's separate claim for loss of consortium at 10% of the total received, or $20,500.00. Of the total of $205,000.00 then, Plaintiff is entitled to $174,750.00 plus 85% of the accumulated interest and Defendant is entitled to $30,250.00, plus 15% of the accumulated interest. Plaintiff has already received $105,000.00 of his share.

"Pursuant to R.C. 3015.18(B), and considering all statutory factors as set forth above, the Court finds that it is appropriate and reasonable to award Defendant a lump sum spousal support award from Plaintiff in the amount of $50,000.00. This amount represents less than a third of Plaintiff's share of the personal injury proceeds. If prudently managed by Defendant, this sum will provide for her own sustenance until all of the children are in school full time, when Defendant can seek training and employment to become self-supporting. In addition, this sum will allow her to contribute to the support of the parties' children. This award is payable in gross from Plaintiff's separate share of the remaining personal injury proceeds. This award is payable directly to Defendant and shall not be paid through the Montgomery County Support enforcement agency."

Mr. Marcum filed a timely notice of appeal and now presents three assignments of error. The first assignment of error contains three distinct subparts

challenging the trial court's award of spousal support. For purposes of clarity, we will treat those subparts as separate assignments of error.

## FIRST ASSIGNMENT OF ERROR

"The trial court erred as a matter of law when it awarded appellant's separate property to the appellee through a distributive award when it failed to make written findings of fact pursuant to ORC 3105.171 and by labeling it spousal support contra to ORC Sec. 3105.18 *et seq.*"

A distributive award is "any payment or payments, in real or personal property, that are payable in a lump sum or over time, in fixed amounts, that are made from separate property or income, and that are not made from marital property and do not constitute payments of spousal support, as defined in section 3105.18 of the Revised Code." R.C. 3105.171(A)(1).

R.C. 3105.171(E) permits the trial court to make a *distributive award* to facilitate, effectuate, or supplement a division of marital property, or in lieu of a division of marital property to achieve equity between the spouses, or to compensate one spouse for the financial misconduct of the other spouse. In any order for a distributive award, or for the division or disbursement of property, the court must make written findings of fact that support its determination that the marital property has been equitably divided. *Id.* at subsection (G).

R.C. 3105.18 governs awards of spousal support. Pursuant to R.C. 3105.18(B), "after the court determines the division or disbursement of property under section 3105.171 of the Revised Code, the court of common pleas may award reasonable spousal support to either party." The court may order the spousal support to be paid either in a lump sum or by installments. R.C. 3105.18(B).

In making its spousal support determination, the trial court is required to consider a number of factors set forth in R.C. 3105.18(C)(1). One of the factors to be considered by the court is "the income of the parties, from all sources, including, but not limited to, income derived from property divided, disbursed, or distributed under section 3105.171 of the Revised Code." R.C. 3105.18(C)(1)(a). The court is also required to consider the relative assets and liabilities of the parties. *Id.* at subsection (C)(1)(i).

The record demonstrates that the trial court followed the applicable statutory requirements in making its award of lump sum spousal support to Mrs. Marcum. The property involved in the award consisted of the insurance proceeds from Mr. Marcum's accident. The trial court first determined the amount of those proceeds that was marital property, and it then divided that amount equally between the parties. The court then determined the amount of the

proceeds that constituted the separate property of each spouse, and it awarded those amounts directly to each spouse. The court next proceeded to consider the issue of spousal support and the statutory factors relevant to an award, including the effect that the court's property division would have on the income and relative assets of the parties. The court then ordered spousal support paid in a lump sum from the separate property it had awarded Mr. Marcum. R.C. 3105.18(C)(1)(a) and (i) contemplate such an award.

Contrary to Mr. Marcum's assertion, the trial court did not make a *distributive award* from his separate property pursuant to R.C. 3105.171. Rather, it ordered him to pay spousal support from property it had divided. The fact that the proceeds to pay for the award of spousal support were to be taken from Mr. Marcum's share of the personal injury proceeds did not transform the spousal support award into a distributive award of separate property. The first assignment of error is overruled.

## SECOND ASSIGNMENT OF ERROR

"The trial court abused its discretion and incorrectly awarded appellee spousal support when the manifest weight of the evidence proved to be contrary to a finding for spousal support."

"Judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed by a reviewing court as being against the manifest weight of the evidence." *C.E. Morris Co. v. Foley Constr. Co.* (1978), 54 Ohio St.2d 279, 8 O.O.3d 261, 376 N.E.2d 578, syllabus.

"The trial court enjoys wide latitude in awarding spousal support and its decisions are reversible only for an abuse of discretion. An abuse of discretion 'connotes more than an error of law or of judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable.' *In re Jane Doe 1* (1991), 57 Ohio St.3d 135, 566 N.E.2d 1181; *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 5 OBR 481, 450 N.E.2d 1140.

"The court's exercise of discretion is governed by R.C. 3105.18, which mandates that the court consider all of the relevant factors in that statute when making awards of spousal support. The court must evaluate the evidence germane to each applicable factor, then weigh the need for support against the ability to pay. *Fletcher v. Fletcher* (Aug. 24, 1992), Montgomery App. No. 12942, unreported, 1992 WL 206646." *Layne v. Layne* (1992), 83 Ohio App.3d 559, 562–563, 615 N.E.2d 332, 333.

Prior to entering judgment, the court issued its "Findings of Fact, Conclusions of Law and Trial Decision." That document, as well as the court's final decree of

divorce, demonstrates that the court carefully considered the statutory factors for an award of spousal support in R.C. 3105.18(C)(1).

■ There is competent, credible evidence in the record establishing Mrs. Marcum's need for spousal support, particularly in view of her unemployed status, limited income, limited educational background, limited employment experience, and the custodial responsibilities she will have in caring for her four young children. In addition, given the trial court's allocation of separate property to Mr. Marcum, a source of funds exists from which he may pay the lump sum spousal support award.

On the record before us, we cannot find that the trial court's decision to award spousal support, or its decision concerning the amount of support to be paid and the terms of payment, demonstrates an abuse of the discretion conferred on the court by R.C. 3105.18. Neither are the findings in support of the court's decision against the manifest weight of the evidence. The second assignment of error is overruled.

## THIRD ASSIGNMENT OF ERROR

"The trial court erred as a matter of law and abused its discretion when it awarded appellee spousal support from the appellant's separate nondivisible property thereby merging property division and spousal support into a single award."

"In reviewing a judgment of the trial court awarding and distributing property in a divorce action, the reviewing court is limited to determining whether, considering the totality of the circumstances, the trial court abused its discretion." *Verplatse v. Verplatse* (1984), 17 Ohio App.3d 99, 102, 17 OBR 161, 164, 477 N.E.2d 648, 652; see, also, *James v. James* (1995), 101 Ohio App.3d 668, 680, 656 N.E.2d 399, 406–407. In addition, "[a]ppellate review of a trial court's classification of property as marital or separate is based on whether the determination is supported by the manifest weight of the evidence." *Id.* at 684, 656 N.E.2d at 409.

" 'Separate property' means all real and personal property and any interest in real or personal property that is found by the court to be any of the following:
" * * *

"(vi) Compensation to a spouse for the spouse's personal injury, except for loss of marital earnings and compensation for expenses paid from marital assets." R.C. 3105.171(A)(6)(a)(vi).

Pursuant to this provision, proceeds from a personal injury settlement constitute marital property to the extent that they compensate an injured party for lost

wages and medical expenses that have diminished the marital estate. See *Everhardt v. Everhardt* (1991), 77 Ohio App.3d 396, 399, 602 N.E.2d 701, 703.

After his accident and until the time of the parties' separation, Mr. Marcum was unable to work, and he lost wages as a result of the accident. The amount of that wage loss was $19,500. The trial court found that $19,500 of the $300,000 personal injury settlement proceeds were, therefore, compensation for wages lost to Mr. Marcum during the marriage. The court properly found those monies to constitute marital property, and then divided that amount equally between the parties as marital property.

■■■ Evidence that the settlement proceeds were apparently less than what Mr. Marcum might have received for all of his very substantial personal injuries had more funds been available from the tortfeasor or his insurer does not require a finding that the settlement proceeds he received did not include compensation for lost wages. The settlement release signed by Mr. Marcum included all of his "claims of any kind or character," which would include any lost-wage claim. The trial court did not abuse its discretion in allocating a portion of the settlement proceeds to Mr. Marcum's lost wages or in determining that those lost wages were marital property to be divided equally between the parties.

Mr. Marcum again challenges the court's award of spousal support, arguing that the personal injury settlement proceeds were his separate property and that the court made a distributive award from that separate property in the form of a spousal support award. That argument was rejected in the two previous assignments of error.

The third assignment of error is overruled.

## FOURTH ASSIGNMENT OF ERROR

"The trial court incorrectly awarded the appellee a loss of consortium award where there was no evidence by appellee."

■■■ The trial court found that a portion of the settlement proceeds was Mrs. Marcum's separate property because it compensated her for loss of consortium resulting from her husband's injuries. As discussed above, our review of the trial court's classification of property as marital or separate is limited to whether that determination is supported by the manifest weight of the evidence. We may not reverse the trial court's division of property absent an abuse of its discretion.

"Ohio common law recognizes that when one spouse is injured, the other spouse is also damaged and may assert his or her own cause of action against the tortfeasor for those damages—*i.e.,* a claim for loss of consortium. *Clouston v.*

*Remlinger Oldsmobile Cadillac, Inc.* (1970), 22 Ohio St.2d 65, 74, 51 O.O.2d 96, 101–102, 258 N.E.2d 230, 235. 'Consortium consists of society, services, sexual relations and conjugal affection which includes companionship, comfort, love and solace.' *Id.,* paragraph three of the syllabus. Even though a loss of consortium claim is derivative in that it is dependent upon the defendant's having committed a legally cognizable tort upon the spouse who suffers bodily injury, *Bowen v. Kil-Kare, Inc.* (1992), 63 Ohio St.3d 84, 93, 585 N.E.2d 384, 392, it is nonetheless legally separate and independent from the claim of the spouse who suffered the bodily injury. *Id.*" *Schaefer v. Allstate Ins. Co.* (1996), 76 Ohio St.3d 553, 557, 668 N.E.2d 913, 916–917.

■ R.C. 3105.171(A)(6)(a)(vi) defines "separate property" to include "compensation to a spouse for the spouse's personal injury." In view of the fact that Mrs. Marcum's claim for loss of consortium is a claim for her own direct injury, any settlement proceeds which compensate her for that claim would qualify as her separate property.

■ There is ample evidence that Mrs. Marcum suffered a loss of consortium as a result of her husband's injuries. Mr. Marcum was in a coma for six weeks after the accident, and was hospitalized for approximately six months. Mrs. Marcum spent considerable time in caring for her husband after the accident and in assisting him in his recovery from his injuries. These circumstances demonstrate that Mrs. Marcum suffered a loss of consortium as a result of her husband's accident. In exchange for the settlement proceeds, Mr. and Mrs. Marcum released the tortfeasor and his insurance company "from all claims of any kind or character." That release would include Mrs. Marcum's loss of consortium claim.

We find no abuse of discretion in allocating Mrs. Marcum a portion of the settlement proceeds as her separate property for her loss of consortium claim. The fourth assignment of error is overruled.

## FIFTH ASSIGNMENT OF ERROR

"The trial court incorrectly awarded the appellee a loss-of-limb award."

Mr. Marcum contends that the trial court allocated a $5,000 loss-of-limb award to Mrs. Marcum that should have been awarded to him as his separate property. The record does not reflect that the loss-of-limb proceeds were expressly awarded to Mrs. Marcum.

The trial court combined the net insurance proceeds of $200,000 with the $5,000 loss-of-limb award. From that sum, the court first deducted $19,500 representing the lost-wage marital property. The remaining proceeds constituted the parties' separate property, $20,000 of which belonged to Mrs. Marcum for her loss of

consortium claim and the balance of which belonged to Mr. Marcum for his injury claims. The court then awarded those portions to each party. In this process, the loss-of-limb award in effect remained on Mr. Marcum's side of the equation.

We find no abuse of discretion in the court's property division award. The fifth assignment of error is overruled.

## Conclusion

Having overruled all of Mr. Marcum's assignments of error, we affirm the judgment of the trial court.

*Judgment affirmed.*

WOLFF and FAIN, JJ., concur.