OPINION
Appellant Eugene Sabatino is appealing the decision of the Mahoning County Court of Common Pleas, Domestic Relations Division, concerning several of the trial court's findings of fact. Appellee Mary Sabatino filed a cross-appeal concerning the issue of financial misconduct by appellant. The following facts give rise to this appeal.
The parties to this action married on December 27, 1968. No children were born as issue of the marriage, however, appellee had custody of three minor children from two previous marriages. The record indicates appellee did not work outside the home after 1971 and appellant handled all of the marital finances. Appellee filed for a legal separation on January 4, 1996. Appellant filed an answer and counterclaim for divorce on January 24, 1996. Immediately prior to the commencement of trial, on July 8, 1997, appellee moved to amend her complaint to seek a divorce on the grounds of incompatibility. The trial court granted appellee's motion.
At trial, the parties agreed they were incompatible. Appellant testified he had certain pre-marital assets which he sought to claim. These pre-marital assets included: eight and one-half years of service as a police officer prior to the marriage; $25,000 in cash savings; and an automobile worth $7,000. At the time of trial, appellant worked as a bailiff in the Mahoning County Common Pleas Court. Appellant expected to retire from this position on December 31, 1997. Prior to his employment as a bailiff, appellant worked as a police officer for the Youngstown Police Department. He retired from this position on September 18, 1992, following quadruple bypass surgery and began receiving disability benefits from the Police and Fireman's Disability 
Pension Fund of Ohio.
Appellee testified she had little or no pre-marital assets. However, on June 5, 1987, appellee was involved in an automobile accident which ultimately resulted in a settlement in the amount of $22,053.98. Appellant testified the proceeds from the settlement were used for the marital residence and placed in the parties' Paine Webber account.
On October 6, 1997, the trial court granted the parties' divorce. The trial court filed findings of fact and conclusions of law which provide, in pertinent part:
 1. The $22,053.98 is due appellee as separate property from a personal injury settlement.
 2. The alleged $25,000 in cash and an automobile worth $7,000 are not separate pre-marital property of the appellant.
 3. Appellant's annual sick leave and vacation is valued, as of the time of trial, at $4,716.
 4. Appellee is entitled to $7,500 as one-half of the $15,000 appellant dissipated.
Appellant timely filed a notice of appeal which the Seventh District Court of Appeals dismissed on February 20, 1998, for want of prosecution. Thereafter, on February 27, 1998, appellant retained new counsel and filed a motion for reconsideration. The court of appeals granted appellant's motion on March 19, 1998, and reinstated appellant's appeal. Appellee has a cross-appeal pending before the court. The Seventh District Court of Appeals voluntarily removed itself from this matter and the Chief Justice of the Ohio Supreme Court appointed a visiting panel from the Fifth District Court of Appeals.
The parties set forth the following assignments of error, for our consideration, in their appeal and cross-appeal:
 I. THE TRIAL COURT ABUSED ITS DISCRETION BY DETERMINING THAT THE PROCEEDS OF APPELLEE'S AUTOMOBILE ACCIDENT WHICH OCCURRED DURING THE MARRIAGE WERE NOT MARITAL PROPERTY.
 II. THE TRIAL COURT ABUSED ITS DISCRETION BY DENYING APPELLANT'S CLAIM THAT $25,000.00 IN CASH AND AN AUTOMOBILE WORTH $7000.00 WERE SEPARATE PROPERTY BROUGHT INTO THE MARRIAGE BY APPELLANT WHEN APPELLANT PROVIDED UNCONTROVERTED TESTIMONY SUPPORTING HIS CLAIM.
 III. THE TRIAL COURT ABUSED ITS DISCRETION BY VALUING APPELLANT'S ACCUMULATED VACATION AND SICK LEAVE AT THE TIME OF THE TRIAL RATHER THAN AT THE TIME OF ACTUAL RETIREMENT.
 IV. THE TRIAL COURT ABUSED ITS DISCRETION BY DETERMINING THAT APPELLANT HAD DISSIPATED MARITAL ASSETS AND COMMITTED FINANCIAL MISCONDUCT.
 Cross-Appeal I. THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT DID NOT FIND THAT THE DEFENDANT'S DISOBEDIENCE TO THE COURT'S RESTRAINING ORDER WAS FINANCIAL MISCONDUCT WHICH RESULTED IN DISSIPATION OF THE PARTY'S MARITAL ASSETS IN THE AMOUNT OF $5,509.91.
 I
In his First Assignment of Error, appellant contends the $22,053.98 personal injury settlement awarded to appellee, as separate property, was commingled with marital property and therefore lost its characteristic as separate property because it was untraceable. We disagree.
In reviewing the equity of a division of marital property pursuant to R.C. 3105.171, we will not disturb the trial court's judgment absent a showing that the trial court abused its discretion in formulating its division. Martin v. Martin (1985),18 Ohio St.3d 292, 294. Therefore, we will not substitute our judgment for that of the trial court unless we find the trial court abused its discretion. Holcomb v. Holcomb (1989), 44 Ohio St.3d 128,131. An abuse of discretion is established when a decision is found to be unreasonable, arbitrary or unconscionable. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217,219.
At issue, in appellant's First Assignment of Error, is whether the trial court properly determined appellee's personal injury settlement was separate property, to which she was entitled. R.C.3105.171 (A) (6) (a) (vi) provides as follows:
 6(a) "Separate property" means all real and personal property and any interest in real or personal property that is found by the court to be any of the following:
 * * * (vi) Compensation to a spouse for the spouse's personal injury, except for loss of marital earnings and compensation for expenses paid from marital assets;
In the case of Everhardt v. Everhardt (1991), 77 Ohio App.3d 396, in interpreting the above statute, the court held that a personal injury settlement is "marital property", divisible upon divorce, only to the extent that it reimburses an injured spouse for lost earnings and medical expenses that have an adverse impact on the marital estate. Id. at 401. Appellant testified, at trial, that some of the settlement proceeds went into the house and the remainder went to the Paine Webber account. Tr. at 57-58.
Based on appellant's own testimony, since none of the personal injury settlement proceeds were for lost wages or medical expenses, we find the trial court did not abuse its discretion when it awarded appellee $22,053.98 because her personal injury settlement is "separate property" as defined in R.C. 3105.171 (A) (6) (a) (vi).
Appellant's First Assignment of Error is overruled.
 II
Appellant maintains, in his Second Assignment of Error, the trial court should have found $25,000 cash and a $7,000 automobile he allegedly brought to the marriage separate property. We disagree.
As in appellant's First Assignment of Error, we review this issue under an abuse of discretion standard. Appellant claims these items are separate property under R.C. 3105.171 (A) (6) (a) (ii) which defines "separate property" as "[a]ny real or personal property or interest in real or personal property that was acquired by one spouse prior to the date of the marriage;". Pursuant to Peck v. Peck (1994), 96 Ohio App.3d 731,734, appellant had the burden of establishing, by a preponderance of the evidence, he was entitled to this separate property. The record indicates appellant failed to meet this burden. Appellant testified to the following concerning the existence of the $25,000:
 Q. * * * I asked you if you whether you brought any property into the marriage, and you said you had some funds in the savings at the time of the marriage. Do you recall how much?
A. $25,000 or that neighborhood.
Q. Pardon?
A. In the neighborhood of $25,000.
Q. Do you have any documentation at this time?
 A. I checked with Dollar Bank, and they — their records didn't go back that far. Tr. at 365-366.
Similarly, appellant testified that he owned a 1968 Chevrolet Impala at the time of the marriage. The record indicates appellant testified that he paid $7,000 for the vehicle when he purchased it. Tr at 366.
Based on the above evidence, we find the trial court did not abuse its discretion when it found the $25,000 and 1968 Chevrolet Impala were not separate property which appellant brought to the marriage. Appellant failed to meet his burden. Appellant did not provide any documentation concerning either the cash or the automobile's existence. There was no documentation of these assets being in existence at the time of the marriage. There was also no evidence that if the assets did in fact exist, at the time of the marriage, what became of these assets.
Appellant's Second Assignment of Error is overruled.
 III
In his Third Assignment of Error, appellant contends the trial court abused its discretion when it valued appellant's accumulated vacation and sick pay as of the time of trial rather than at the time of retirement. We disagree.
R.C. 3105.171 (A) (2) defines the term "during the marriage" and provides, in pertinent part:
 (2) "During the marriage" means whichever of the following is applicable:
 (a) Except as provided in division (A) (2) (b) of this section, the period of time from the date of the marriage through the date of the final hearing in an action for divorce or in an action for legal separation;
In the case of Roahrig v. Roahrig (December 22, 1995), Coshocton App. No. 95CA11, unreported, we found the above statute requires a trial court to consider the "duration of the marriage" to be from the date of the marriage through the date of the final hearing, unless such dates would be inequitable to value the marital property in this manner. Id. at 4. In the case subjudice, the trial court determined the "duration of the marriage" to be from the date of marriage through the day of trial. The trial court's use of the date of final hearing resulted in an equitable evaluation of appellant's accumulated vacation and sick pay. The trial court used the recommended starting point per the language of the above statute. We find the trial court did not abuse its discretion in using this date as opposed to the date of appellant's retirement.
Appellant's Third Assignment of Error is overruled.
 IV
In his Fourth Assignment of Error, appellant contends the trial court abused its discretion when it determined appellant dissipated marital assets and committed financial misconduct. We disagree.
This assignment of error refers to the $15,000, in cash, appellant testified he had at his mother's house at the time appellee filed her complaint for legal separation. Appellant testified, at trial, that he spent the money on recreation and entertainment. Tr. at 212. R.C. 3105.171 (E) (3) addresses financial misconduct by a spouse and provides as follows:
 (3) If a spouse has engaged in financial misconduct, including, but not limited to, the dissipation, destruction, concealment, or fraudulent disposition of assets, the court may compensate the offended spouse with a distributive award or with a greater award of marital property.
The trial court made the following finding concerning appellant's financial misconduct:
 * * * The Defendant provided this Court with no credible accounting of these amounts of cash, yet he would have the court believe that he spent the money on living expenses, house payments and recreation when he is receiving a substantial tax free disability pension in addition to his salary as a bailiff. The Court finds that the Defendant dissipated at least the sum of $15,000.00 and has committed financial misconduct pursuant to R.C. 3105.171 (E) (3) and the cases set forth above. Findings of Fact and Conclusions of Law, October 6, 1997, at 14.
The trial court's finding of financial misconduct, by appellant, is supported by the record. The trial court did not abuse its discretion when it awarded appellee a distributive award of one-half the value of the dissipated assets.
Appellant's Fourth Assignment of Error is overruled.
 Cross-Appeal
I
In her sole assignment of error, on cross-appeal, appellee contends the trial court abused its discretion when it did not find that appellant's disobedience to the trial court's restraining order was financial misconduct which resulted in dissipation of the marital assets in the amount of $5,509.91. We disagree.
Appellee refers to appellant's conduct of selling stock in violation of the trial court's restraining order. Appellee states that as a result of appellant's financial misconduct, the total amount of loss was $5,509.91. As to this issue, the trial court found as follows:
 The Court finds that Defendant violated the Court's restraining order by selling various securities. However, the Court finds that the selling of said securities was not done to deliberately dissipate marital assets. Therefore, the Court does not find that the Defendant's actions in this instance constitutes financial misconduct. Findings of Fact and Conclusions of Law, October 6, 1997, at 14.
Under R.C. 3105.171 (E) (3), the decision to compensate a spouse for financial misconduct is within the discretion of the trial court. The trial court is not required to compensate. In the case sub judice, we do not find the trial court abused its discretion.
Appellee's First Assignment of Error on cross-appeal is overruled.
For the foregoing reasons, the judgment of the Court of Common Pleas, Domestic Relations Division, Mahoning County, Ohio, is hereby affirmed.
By: Wise, P. J. Gwin, J., and Farmer, J., concur.