I concur in the result of this case, but do so for different reasons. I respectfully disagree with Judge Hoffman's decision to overrule that portion of Rose v. Rose (April 11, 1997), Morrow App. No. 840, unreported, that instructed the trial court to disregard the wife's personal injury settlement in its consideration of an appropriate division of marital property. I do not find that R.C. 3105.171(F)(2) requires the trial court to reconsider assets which have already been determined to be separate property under R.C. 3105.171(A)(6)(a)(vi). Instead, I would adhere to our previous analysis contained in the first appeal of this matter. In the first appeal, we relied on the case of Everhardt v. Everhardt (1991), 77 Ohio App.3d 396, which held that a personal injury settlement is "marital property," divisible upon divorce, only to the extent that it reimburses an injured spouse for lost earnings and medical expenses that have an adverse impact on the marital estate. Id. at 401. Evidence is contained in the record that no portion of the wife's personal injury settlement was used as compensation for lost wages or medical expenses. Therefore, I would conclude, in the matter currently before the court, that the trial court properly followed the instructions of this court as set forth in the first appeal of this matter. I would find R.C. 3105.171(F) applicable, as it pertains to personal injury settlements, only in those cases where the settlement is first found to be "marital property," as defined in Everhardt, or where the trial court intends to make a distributive award of the personal injury settlement.