OPINION
{¶ 1} Appellant, Darrell Garber, brings this appeal to challenge the trial court's division of property in a divorce case between Darrell and his ex-wife, Terri. In support of the appeal, Darrell asserts the following assignments of error:
 {¶ 2} I. The trial court erred and abused its discretion by utilizing an appellate standard of review when ruling on objections to a magistrate's decision.
 {¶ 3} II. The trial court abused its discretion by failing to award Appellant all of his separate pre-marital property.
 {¶ 4} III. The trial court abused its discretion by issuing a ruling that was not consistent with the facts presented and the parties' verbal acknowledgment of said facts.
 {¶ 5} After reviewing the record and applicable law, we find that the assignments of error have merit. Accordingly, this case will be reversed as to the property award only, and remanded for further proceedings. In all other respects, the decision of the trial court will be affirmed.
 I {¶ 6} Darrell and Terri Garber were married on January 25, 1992. Before marriage, Darrell owned a house located in Sidney, Ohio. Darrell sold the house in June, 1993, and received about $31,000 in net profit. Subsequently, the Garbers moved to Kansas and purchased ten acres of land and a mobile home. The purchase prices for these items were around $14,750 and $5,000, respectively. Both parties agreed that a down payment of $8,000 was made for the land, and that the down payment was initially borrowed from Darrell's father. Darrell claimed that he repaid the loan to his father, as well as the additional $6,000 due for the land, from the proceeds of the prior sale. He also testified that the $5,000 purchase price of the trailer was paid from the proceeds of the sale of his separate property. However, Terri disputed that all of the $14,750 was paid from the proceeds. She agreed that Darrell should receive credit for the $8,000 down payment on the land and the $5,000 payment for the trailer. However, she disputed the remaining $6,000, stating that this amount was paid off over time.
 {¶ 7} After hearing the evidence, the magistrate issued a decision finding the property to be marital property. The magistrate also concluded that there was no evidence that funds from the sale of separate property were directed into the marital home. Accordingly, the magistrate ordered that the property be sold, and that the net proceeds of the sale be divided equally between the parties, after reimbursement to Darrell's father of the $8,000 that was borrowed to purchase the property.
 {¶ 8} Following Darrell's timely objections, the trial judge adopted the magistrate's decision. In particular, the trial court found that the decision about the award of net proceeds from the sale of the Kansas property was "not against the manifest weight of the evidence." The court also found that the evidence failed to establish that the $31,000 from the sale of Darrell's separate property was applied to the Kansas real estate.
 {¶ 9} Darrell's first challenge to this ruling is that the trial court applied the wrong standard of review. We agree. We have previously stressed that a "trial court must undertake the equivalent of a `de novo' determination in light of any filed objections, when independently assessing facts and conclusions contained in a magistrate's report. The trial court does not apply the same manifest weight of the evidence standard used in review by courts of appeals." Snyder v. Snyder (Nov. 2, 2001), Clark App. No. 2001-CA-18, 2001-Ohio-1711, 2001 WL 1346095, *1, citing Desantis v. Soller (1990), 70 Ohio App.3d 226, 590 N.E.2d 886.
 {¶ 10} Accordingly, because the trial court erred in relying on a "manifest weight" standard, the first assignment of error has merit and will be sustained.
 II {¶ 11} The second assignment of error is based on a claim that the trial court abused its discretion by failing to award Darrell all his separate pre-marital property. Before we address this point, we should note that Terri Garber failed to file a brief. Accordingly, App. R. 18(C) allows us to accept "the appellant's statement of facts and issues as correct, and reverse the judgment, if appellant's brief reasonably appears to sustain such action."
 {¶ 12} Our review of property awards in divorce actions is limited to deciding if, under the totality of the circumstances, the trial court abused its discretion. Marcum v. Marcum (1996), 116 Ohio App.3d 606,612, 688 N.E.2d 1085 (citations omitted). An abuse of discretion occurs when a court acts arbitrarily, unreasonably, or unconscionably. Blakemorev. Blakemore (1983), 5 Ohio St.3d 217, 219, 450 N.E.2d 1140.
 {¶ 13} "On the other hand, `classification of property as marital or separate must be supported by the manifest weight of the evidence.' * * * Under this latter standard, we `"review the evidence, and * * * determine whether, when appropriate deference is given to the factual conclusion of the trial court, the evidence persuades us by the requisite burden of proof."'" Murph v. Murph, Montgomery App. No. 19937, 2004-Ohio-1312, at ¶ 18 (citation omitted).
Under R.C. 3105.171(A)(6)(a)(ii), separate property includes "[a]ny real or personal property or interest in real or personal property that was acquired by one spouse prior to the date of the marriage." "[C]ommingling of separate property with other property of any type does not destroy the identity of the separate property as separate property, except when the separate property is not traceable." R.C.3105.171(A)(6)(b). However, "[t]he party seeking to have a particular asset classified as separate property has the burden of proof, by a preponderance of the evidence, to trace the asset to separate property."Peck v. Peck (1994), 96 Ohio App.3d 731, 734, 645 N.E.2d 1300.
 {¶ 14} In applying these standards to the present case, we conclude that the trial court abused its discretion in allocating the property award. Specifically, the court's classification of the Kansas property as completely marital, except for $8,000 owed to Darrell's father, was against the manifest weight of the evidence. In the first place, Terri Garber stipulated that $5,000 paid for the trailer, and $8,000 paid for the down payment on the land, were separate property. The undisputed testimony of both parties also was that Darrell's father was repaid for the $8,000 downpayment. Apparently, the loan was only temporary, until Darrell obtained the money from the sale of his prior residence. Consequently, the trial court should have awarded at least $13,000 to Darrell as his separate property.
 {¶ 15} In his brief, Darrell additionally contends that he should have been awarded the entire amount of his separate funds ($31,000) from the value of the Kansas property before any remaining equity was divided between the parties. We agree.
 {¶ 16} Although the evidence could have been more detailed, the undisputed facts indicate that Darrell's separate property sold in June, 1993, for a net profit of $31,000. By December, 1993, the parties had moved to Kansas, and had spent approximately $19,750 on ten acres and a trailer. Darrell testified that the money for the purchase came from his separate funds, and offered evidence supporting that fact. Terri agreed that at least $13,000 was due to separate funds. However, Terry claimed that the remaining $6,000 (which was paid within a few months of the purchase), did not come from Darrell's separate funds. Notably, Terri did not offer an alternate explanation for the source of the money used to pay the rest of the purchase price, nor did she explain how the parties would otherwise have acquired such a large sum of money in just a few months. Terri also admitted that Darrell used his separate funds to plant trees and build fence on their property.
 {¶ 17} Under the circumstances, Darrell did not need to document the fact that he spent the $31,000 on the Kansas property. Compare Okos v.Okos (2000), 137 Ohio App.3d 563, 581, 739 N.E.2d 368 (holding that a wife was not obliged to provide documentation that she spent separate money on a marital residence, where her husband agreed to those facts in his testimony). Although Terri disagreed that Darrell spent his separate money on the remaining $6,000 of the purchase price of the land, she did admit in her testimony that he spent his separate money on improving the land and building a fence. Accordingly, Darrell is entitled to be reimbursed for the $31,000 in separate property before any further division of equity is made.
 {¶ 18} At trial, the parties indicated that they had received a bid on the property in the amount of approximately $60,000. However, Darrell refused to sign the contract because he did not want to sell the property. Whether the property must be sold or whether Darrell is able or willing to purchase his ex-wife's interest in the property are issues to be resolved on remand.
 {¶ 19} After the hearing, the magistrate used the date of marriage to the date of the hearing on October 26, 2000, as the duration of the marriage. Since no appeal was taken from this decision, the fair market value of the land and trailer on October 26, 2000, must be used in valuing the property. See, e.g., Frohman v. Frohman, Trumbull App. No. 2001-T-0021, 2002-Ohio-7276, at ¶ 16 (marital property must be valued as of a specific date such as date of permanent separation or date of final divorce hearing). The testimony at the hearing was not specific as to the date on which the offer to purchase was received. Presumably, the parties can stipulate as to the value of the land on the pertinent date. If not, the trial court may take further evidence on this point.
 {¶ 20} In any event, on remand, the court should divide the equity in the house after first crediting Darrell with $31,000 attributable to his separate property. The division thereafter should be equal, as Darrell has not contested that finding.
 {¶ 21} Based on the preceding discussion, the second assignment of error has merit and is sustained.
 III {¶ 22} In the third assignment of error, Darrell claims that the trial court abused its discretion by issuing a ruling that was inconsistent with the facts presented and with the parties' verbal acknowledgment of the facts. This assignment of error relates to matters we have already discussed in sustaining the second assignment of error. As we noted, both the magistrate's decision and the trial court's adoption of the decision ignored the parties' stipulations and were against the manifest weight of the evidence. Accordingly, the third assignment of error is also sustained.
 {¶ 23} In light of the foregoing discussion, all three assignments of error are sustained. The judgment of the trial court regarding the property division of the ten acres and trailer in Kansas is reversed. In all other respects, the judgment is affirmed. Therefore, the judgment is reversed in part and is affirmed in part, and this case is remanded for further proceedings consistent with our opinion.
Wolff, J., and Grady, J., concur.