OPINION
{¶ 1} In this divorce case, Andrew McKenzie ("Andrew") appeals from the judgment of the Common Pleas Court of Greene County, Domestic Relations Division, which held that his earnings in the amount of $8632.00 annually from NCR Corporation are marital property and not income.
 {¶ 2} The record reveals that Andrew McKenzie and Patricia A. McKenzie ("Patricia") were married in Edinburgh, Scotland on September 10, 1966. On October 28, 2003, Andrew filed a complaint for legal separation, to which Patricia replied with a counterclaim for divorce on November 18, 2003. A final divorce hearing was held on November 1, 2004 before Magistrate Kristen L. Kelly in the Court of Common Pleas of Greene County, Domestic Relations Division.
 {¶ 3} During the hearing, Andrew stated that he earns $8632.00 annually from his former employer, NCR Corporation. According to Andrew, he receives a paycheck in the amount of $329.38 bi-weekly from NCR Corporation as a part of negotiations for early retirement; he will continue to earn this amount for the rest of his life. Andrew is also issued an employee number, and this compensation is drawn from the corporation's payroll account. Furthermore, Andrew pays taxes on these earnings, which are categorized yearly on W-2 forms as wages, salaries, tips, etc.
 {¶ 4} After hearing the evidence, the magistrate issued a decision holding that the $8632.00 constitutes income. From the testimony, she concluded that the earnings are part of a severance package granted to Andrew for life. Moreover, she took into consideration that Andrew receives a W-2 annually for the amount. Finding that the earnings did not appear to be retirement funds, the magistrate included the $8632.00 as income in the calculation for spousal support.
 {¶ 5} Patricia objected to the magistrate's decision holding that the payment from NCR Corporation is income, and the trial court sustained this objection. The trial court found that the money is part of a severance package originating from "a contract to receive a fixed sum over a fixed period of time." Furthermore, the court determined that it is payment for past services and not dependent on Andrew's present time or effort. Ultimately, these earnings are the result of Andrew's labor performed during the marriage. As a result, the trial court classified the $8632.00 as marital property to be equally divided between the parties.
 {¶ 6} Once it determined these earnings to be marital property, the trial court placed a present value on the asset. It first calculated the number of years between Andrew's age at the time, 61, and his average life expectancy, 75.1, as construed using the Death and Mortality Tables published by the National Vital Statistics Report. The difference equaled 14.1 years. Next, the trial court multiplied the $8632.00 from NCR Corporation annually by 14.1, and found the severance package to have a present value of $121,711.20. Having held this payment to be marital property, the trial court divided the $121,711.20 in half and awarded Patricia $60,855.60 to be paid within 90 days of the Entry; alternatively, Andrew could allow this amount to dissipate in order to pay Patricia's marital share.
 {¶ 7} A final judgement entry and divorce decree was filed on March 3, 2006. It is from this decision that Andrew appeals.
 {¶ 8} In support of his appeal, Andrew raises the following assignments of error:
 {¶ 9} I. "The trial court's determination that the NCR Corporation earnings are marital property and not income represents an abuse of discretion and is against the manifest weight of the evidence.
 {¶ 10} II. "The trial court's failure to recalculate spousal support upon determining that the NCR Corporation earnings were property and not income represented an abuse of discretion and is against the manifest weight of the evidence.
 {¶ 11} III. "The trial court's determination that [Patricia A. McKenzie] is entitled to an award of $60,855.60 represents an abuse of discretion and is against the manifest weight of the evidence."
 {¶ 12} Upon review of the record, we find that Andrew's second and third assignments of error have merit. Accordingly, the judgment of the trial court will be affirmed in part, reversed in part, and the cause will be remanded to the trial court for further consideration.
 I {¶ 13} In Murph v. Murph, 2nd Dist. No. 19937, 2004-Ohio-1312, we stated that the classification of property as marital or separate is reviewed under a manifest weight of the evidence standard. Id. at]}18 (citations omitted). Applying this standard, a reviewing court must give deference to the findings and conclusions of the trial court supported by competent and credible evidence. Myers v. Garson (1993),66 Ohio St.3d 610, 614, 614 N.E.2d 742.
 {¶ 14} Andrew's first assignment of error is that the trial court incorrectly treated his earnings from NCR Corporation as marital property. We disagree. Under R.C. 3105.171(A)(3)(a), marital property is defined in pertinent part as "(I) [a]ll real and personal property that is currently owned by either or both of the spouses, including but not limited to, the retirement benefits of the spouses, and that was acquired by either or both of the spouses during the marriage; (ii) [a]ll interest that either or both of the spouses currently has in any real or personal property, including but not limited to, the retirement benefits of the spouses, and that was acquired by either or both of the spouses during the marriage; and (iii) [e]xcept as otherwise provided in this section, all income and appreciation on separate property, due to the labor, monetary, or in-kind contribution of either or both of the spouses that occurred during the marriage."
 {¶ 15} Whether a payment plan negotiated at the termination of one spouse's employment should be included in the marital property or kept separate as income depends on when the right to payment is established. Where the payment is part of a severance package, this court has previously stated that "severance pay received during the marriage is marital property to the same extent that wages paid during the marriage are marital property." McLure v. McLure (1994), 98 Ohio App.3d 27, 41,647 N.E.2d 832. On the other hand, "severance payments intended to compensate for wages lost after the divorce cannot be characterized as marital property." Id., citing Miller v. Miller (Jan. 16, 1987), 6th Dist. No. L-86-011, 1987 WL 5493. See, also, Puls v. Puls, 2nd Dist. No. 20487, 2005-Ohio-1373, at 1J9-13 (finding that the husband's severance package is separate property where his right to payment did not vest until after the date on which the court determined the marriage had terminated).
 {¶ 16} In this case, there is substantial evidence to support the trial court's decision that the annual payment Andrew receives from NCR Corporation is a severance payment negotiated during the marriage to compensate Andrew for his past service; as a result, the trial court properly treated it as marital property. At the hearing before the magistrate, Andrew stated that he receives a bi-weekly paycheck from NCR Corporation as a result of taking early retirement; more specifically, he stated that the payment is a way of NCR "making it that everything came out right according to their prior obligations to [him]." (Tr. at 92.) Andrew also testified that he has not performed any duties for NCR Corporation since he completed 15 months of consultant work immediately following his termination. (Tr. at 131.) Upon further questioning, Andrew confirmed that he negotiated this paid agreement for his service to the company prior to his termination. He did, however, qualify his answer by adding that the payment was meant to compensate him for the fifteen-month consulting obligation and an ongoing obligation of confidentiality. (Tr. at 131.)
 {¶ 17} We agree with the decision of the trial court finding that the $8632.00 Andrew receives annually from NCR Corporation more closely resembles payment for past services that occurred during the marriage than present income or compensation for future lost wages. Andrew provided no substantial evidence to contradict the fact that he no longer performs any duties for NCR Corporation. Instead, the evidence shows that this payment was established at the time of his termination for his past work. That Andrew pays taxes on this money is inconsequential to making this determination. This particular severance payment assumes the form of deferred compensation, and by its very nature, this is "[compensation that will be taxed when received and not when earned." Black's Law Dictionary (6 Ed. 1990) 421. Pursuant to R.C. 3105.171, this money equates to income due to Andrew's labor that occurred during his marriage to Patricia. Therefore, we cannot say that the trial court's determination that the payment is marital property is against the manifest weight of the evidence. Accordingly, Andrew's first assignment of error is overruled.
 II {¶ 18} In his second assignment of error, Andrew challenges the trial court's failure to recalculate the amount of spousal support it awarded to Patricia after finding that the $8632.00 in earnings from NCR Corporation was marital property and not separate income. We agree and remand this issue to the trial court for consideration.
 {¶ 19} We have held that "[t]he trial court enjoys wide latitude in awarding spousal support and its decisions are reversible only for an abuse of discretion." Layne v. Layne (1992), 83 Ohio App.3d 559, 562,615 N.E.2d 332. An abuse of discretion indicates that the trial court's attitude is unreasonable, arbitrary, or unconscionable. Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 219, 450 N.E.2d 1140. Thus, a reviewing court shall not merely substitute its judgment for that of the trial court; instead, it must presume that the findings of the trial court are correct. In re Jane Doe I (1991), 57 Ohio St.3d 135, 138,566 N.E.2d 1181.
 {¶ 20} R.C. 3105.18 governs a trial court's discretion concerning spousal support. That statute requires that a court consider a number of factors, including the income of the parties, "[i]n determining whether spousal support is appropriate and reasonable, and in determining the nature, amount, and terms of payment, and duration of spousal support, which is payable either in gross or in installments, * * * ." R.C. 3105.18(C)(1). Upon evaluation of the evidence under the relevant factors, the court must balance one party's need for support against the other party's ability to pay. Focke v. Focke (1992), 83 Ohio App.3d 552,559, 615 N.E.2d 327.
 {¶ 21} In this case, the magistrate followed the requisites of R.C. 3105.18 in determining that Andrew should pay $1500.00 per month in spousal support for 13 years, commencing the first month following the sale of the marital residence. As part of her calculation, the magistrate considered each relevant factor of the statute: the parties' income, their relative earning abilities, and their ages and health. Included also in this calculation was the $8632.00 that Andrew receives annually from NCR Corporation because the magistrate had found this severance pay to be his separate property. When the trial court reviewed the magistrate's findings upon the objections of Patricia, it recharacterized the NCR amount as marital property, yet it failed to recalculate spousal support. The trial court's decision does not reflect whether subtracting $8632.00 from Andrew's annual income would affect either of the parties.
 {¶ 22} We find that the trial court erred in simply adopting the magistrate's award of $1500.00 per month in spousal support. At the very least, the trial court should consider the effect that subtracting $8632.00 from Andrew's annual income would have on Patricia's need for support and Andrew's ability to pay. Focke, 83 Ohio App.3d at 559. In light of our holding under Andrew's first assignment of error, we remand this matter to the trial court to reexamine the calculation of spousal support minus the $8632.00 in annual earnings from NCR Corporation.
 III {¶ 23} Andrew asserts in his third and final assignment of error that the trial court abused its discretion when it awarded $60,588.60 to Patricia as her marital share of the NCR Corporation payments. We find this assignment of error to have merit, also.
 {¶ 24} Once property in divorce actions is labeled marital or separate, our review is limited to deciding whether the trial court abused its discretion under the totality of the circumstances.Garber v. Garber, 2nd Dist. No. 2004-CA-8, 2005-Ohio-908, at ]}12 (citations omitted). As we stated above, a trial court has broad discretion when making a division of marital property. Bisker v.Bisker (1994), 69 Ohio St.3d 608, 609, 635 N.E.2d 308. However, a trial court abuses its discretion when it acts arbitrarily, unreasonably, or unconscionably. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219,450 N.E.2d 1140.
 {¶ 25} In applying this standard to the present case, we conclude that the trial court abused its discretion in failing to accurately represent the present value of Andrew's termination payments from NCR Corporation and in failing to take into account the tax consequences when awarding Patricia one half, or $60,855.60.
 {¶ 26} R.C. 3105.171 provides in relevant part as follows:
 {¶ 27} "(C)(1) Except as provided in this division or division (E) of this section, the division of marital property shall be equal. If anequal division of marital property would be inequitable, the court shallnot divide the marital property equally but instead shall divide itbetween the spouses in the manner the court determines equitable. In making a division of marital property, the court shall consider all relevant factors, including those set forth in division (F) of this section."
 {¶ 28} "(F) In making a division of marital property and in determining whether to make and the amount of any distributive award under this section, the court shall consider all of the following factors:
 {¶ 29} "(6) The tax consequences of the property division upon the respective awards to be made to each spouse."
 {¶ 30} "(G) In any order for the division or disbursement of property or a distributive award made pursuant to this section, the court shallmake written findings of fact that support the determination that themarital property has been equitably divided * * *." (Emphasis added.)
 {¶ 31} In the present action, the trial court calculated what it believed to be the present value of Andrew's severance payments from NCR Corporation by multiplying the annual amount, $8632.00, by the remaining years of Andrew's life, 14.1, as determined by the average life expectancy of a sixty-one-year-old male in 2002. The product was $121,711.20. The trial court then divided this amount in half and awarded Patricia $60,855.60. We agree with Andrew that this amount does not represent a proper present value of these payments.
 {¶ 32} The principle of present value that we believe is applicable here is exemplified in R.C. 1310.01(A)(21). This statute provides that " `[p]resent value' means the amount as of a certain date of one or more sums payable in the future, discounted to the date certain. The discount is determined by the interest rate specified by the parties if the rate was not manifestly unreasonable at the time the parties entered into the transaction. The discount otherwise is determined by a commercially reasonable rate that takes into account the facts and circumstances of each case at the time the parties entered into the transaction."
 {¶ 33} Applying this standard to the present domestic relations issue, we find that in order to accurately represent the present value of the NCR Corporation payments, and thus, provide the parties with an equitable distribution of this marital asset, the trial court must provide for a commercially reasonable discount in its calculation. Therefore, we remand this issue to the trial court to consider in calculating Patricia's marital share of the NCR Corporation severance payments.
 {¶ 34} Furthermore, we believe the distribution was inequitable where the trial court neglected to consider the tax consequences in dividing Andrew's severance payment from NCR Corporation. In Curtis v.Curtis (May 13, 1988), 2nd Dist. No. 87 CA 50, 1988 WL 47389, we held that the trial court abused its discretion when it failed to take into consideration a husband's obligation to pay income tax on the funds in his 401(k) account at the time he withdrew them. Id. at *4. In our opinion, the court's lump-sum distribution of half the calculated value was inequitable where the husband's tax obligation reduced the value of his interest to less than face value. Id. As a result, the trial court abused its discretion by failing to divide this marital asset with a provision for income taxes pursuant to the requirements of R.C. 3105.171.
 {¶ 35} Here, the trial court's decision lacks any indication that it considered Andrew's tax liability; in fact, there is very little indication of the trial court's consideration of any of the factors in R.C. 3105.171(F) in making this determination. "[S]uch a consideration is necessary in order to avoid reversal on abuse of discretion grounds."Heslep v. Heslep (June 14, 2000), 7th Dist. No. 825, 2000 WL 818909, at *4. See, also, Bisker v. Bisker (1994), 69 Ohio St.3d 608, 609,635 N.E.2d 308. As in Curtis, supra, simply multiplying the annual amount by 14.1 and awarding Patricia one-half of the result without considering the tax consequences leads to an inequitable result. Over time, Andrew's tax obligation will reduce the amount of his presently calculated share, whereas Patricia receives face value in one lump sum without any reductions. The record, also, does not reflect that the trial court considered any other assets or liabilities of the parties to offset this discrepancy.
 {¶ 36} Thus, we agree that the trial court abused its discretion in awarding $60,588.60 to Patricia as her marital share of the NCR Corporation's payments. Accordingly, Andrew's third assignment of error is sustained, and we remand this matter to the trial court to determine an accurate present value using a commercially reasonable discount and to make provisions for income taxes in order to reach an equitable result.
 {¶ 37} For the foregoing reasons, the judgment of the trial court is affirmed in part[1], reversed in part, and the cause is remanded to the trial court for further proceedings consistent with our opinion.
FAIN and DONOVAN, JJ., concur.
[1] The decree granting the parties a divorce is affirmed because the parties do not contest that part of the judgment.